DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction for driving under the influence of alcohol, following a no contest plea in the Bowling Green Municipal Court. Because we find that the trial court erred in denying appellant's motion to suppress, we reverse.
{¶ 2} The facts of this case are as provided in the agreed statement submitted pursuant to Appellate Rule 9(D).
{¶ 3} On November 14, 2003 at 2:18 a.m. a Bowling Green Police Officer observed appellant, Bradley F. Godwin, exit a municipal parking lot by means of a driveway marked with "Wrong Way Do Not Enter" and "No Left/Right Turn" signs. The officer stopped appellant for failure to obey a traffic control device.
{¶ 4} Based upon observations following the traffic stop, the officer arrested appellant for operating a motor vehicle under the influence of alcohol. Appellant was also charged with failure to obey a traffic control device.
{¶ 5} Appellant moved to suppress evidence from the traffic stop, arguing that the traffic sign he allegedly disobeyed was improper and could not serve as a basis for a permissible stop.
{¶ 6} On July 29, 2004, the trial court held a hearing on appellant's motion to suppress and denied the motion in part. The trial court found that the Bowling Green Traffic Commission did not authorize the "Wrong Way Do Not Enter" and "No Left/Right Turn" signs. As a result, the court dismissed the offense of failure to obey a traffic control device. The trial court denied the remainder of the motion, finding that an officer's ignorance of a traffic control sign's authorization does not necessarily render an investigatory stop unreasonable.
{¶ 7} Following the trial court's ruling, appellant amended his plea to no contest and was found guilty of a violation of R.C. 4511.19(A)(1). Appellant now appeals setting forth the following assignment of error:
{¶ 8} "The traffic stop of the appellant was unlawful for the reason the officer could not have had reasonable articulable suspicion appellant was violating the law where the traffic sign was a nullity."
{¶ 9} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures. The temporary detention of a person during a traffic stop is a seizure. State v. Vass, Mahoning App. No. 01CA 4, 2002 Ohio 6887, ¶ 12, citing Delaware v. Prouse (1979), 440 U.S. 648. There are two types of traffic stops, with a different constitutional standard applying to each. State v. Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128.
{¶ 10} The first is the ordinary stop in which a police officer witnesses a violation of the traffic code and stops the motorist to issue a citation, a warning, or effect an arrest. For such a traffic stop, there must be probable cause. Id. Probable cause is a "reasonable ground for belief or guilt." State v. Moore (2000), 90 Ohio St.3d 47, 49, quoting Carroll v. U.S. (1925), 267 U.S. 132, 161. {¶ 11} The second variety of a traffic stop is an investigatory stop. An investigatory stop is the motorized equivalent of a "Terry" stop, State v. Moeller, supra; see Terry v. Ohio (1968), 392 U.S. 1, and requires the Terry standard to be constitutionally acceptable: "articulable and reasonable suspicion" that an offense has been or is being committed. Delaware v. Prouse, supra at 663.
{¶ 12} In a motion to suppress, the state has the burden of proving, by at least a preponderance of the evidence, that a traffic stop was initiated with sufficient cause. Athens v. Wolf (1974), 38 Ohio St.2d 237,241. Consequently, when reviewing the factual findings of the trial court considering the motion to suppress, the reviewing court is bound to accept those findings when they are supported by competent credible evidence. State v. Rutherford (1994), 93 Ohio App.3d 586, 592. In this case, the parties have agreed on the facts. Accepting these facts as true, we must then, independently determine as a matter of law whether these facts meet the applicable standard to justify a traffic stop. Id.
{¶ 13} In this case, the officer stopped appellant for what he thought was a traffic violation, an illegal exit from a municipal parking lot. Normally, observation of a traffic violation provides the police with probable cause to initiate a traffic stop. Dayton v. Erickson (1996),76 Ohio St.3d 3, 9. However, as held by the trial court, there can be no violation of a failure by appellant to obey a traffic control device when the device lacks the proper official authorization.
{¶ 14} This court dealt with a similar issue in State v. Berry, 6th Dist. No. WD-02-043, 2003 Ohio 1620. In fact, the Berry case involved the exact same municipal lot. While the lot's signage has changed, our result does not.
{¶ 15} In Berry, this court set forth that in "order to form the basis for criminal liability, [a] sign must be `official', and it must be in a `proper position' and `sufficiently legible.'" State v. Berry, supra, at ¶ 8; see also City of Maple Heights v. Smith (1999), 131 Ohio App.3d 406,410. The signage at issue in Berry was not recognized by the Ohio Manual of Traffic Control Devices. As a result, we held that such a sign is a nullity, i.e. it does not exist under Ohio law, and cannot serve as a reasonable basis for a traffic stop. State v. Berry, supra, at ¶ 12
{¶ 16} In an attempt to correct the problems in Berry, the city of Bowling Green replaced the old signage with those currently at issue. However, the "Wrong Way Do Not Enter" and "No Left/Right Turn" replacement signs lack the proper authorization as required by the Bowling Green Municipal Code. These new signs are not "official." Absent the requisite governmental approval, a traffic control device nears the realm of arbitrary. Though we are drawing a technical distinction, such distinction is necessary in order to separate traffic control devices endorsed by the proper authorities and those possibly placed at a person's whim.
{¶ 17} As this court previously held in Berry, "one is not engaged in criminal behavior by violating a non-conforming sign." State v. Berry,
supra, at ¶ 9. Accordingly, the officer did not observe a traffic violation because the "Wrong Way Do Not Enter" and "No Left/Right Turn" signs were not enforceable. Absent an offense, there is no reason to stop appellant's vehicle.
{¶ 18} As a result, appellant's sole assignment of error is found well taken.
{¶ 19} Upon consideration whereof, the judgment of the Bowling Green Municipal Court is reversed. Appellee, the city of Bowling Green, is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Wood County and for which execution is awarded. See App.R. 24.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Concur.