OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Shawn M. Bobo, filed April 7, 2005. Bobo appeals his February 16, 2005 conviction, following a jury trial, on one count of burglary, in violation of R.C. 2911.12(A)(2). At sentencing, Bobo entered guilty pleas to additional charges of receiving stolen property, in violation of R.C. 2913.71, in case number 2004-CR-3666, and to breaking and entering, in violation of R.C.2911.13(A), in case number 2004-CR-3560. In exchange for Bobo's pleas, the State did not object to concurrent sentences on all counts. The court sentenced Bobo to eleven months on the charge of receiving stolen property, and to eleven months on the charge of breaking and entering, to be served concurrently with the burglary sentence of seven years. The court also ordered restitution to Karen Lundquist, whose home Bobo burglarized, in the amount of $3,750.00.
 {¶ 2} The events giving rise to Bobo's burglary sentence began on the afternoon of September 3, 2004, when Karen Lundquist entered her home at 2153 E. Fifth Street, in Dayton, Ohio, at approximately 1:30 p.m., and confronted a burglar therein. He was not wearing a hat or a mask. She recognized the burglar from her neighborhood, but she did not know his name. The burglar fled, and Lundquist chased him. During the pursuit, the burglar turned around three or four times, and each time Lundquist saw his face. She later called the police. Lundquist encountered the burglar again three days later near her home. At the time, according to Lundquist, he was wearing a Wright State University sorority tee shirt identical to one taken from her. Again, he fled, and Lundquist once again called the police. Lundquist later identified Bobo as the perpetrator of the burglary in a police photo spread, and police arrested Bobo on October 2, 2004.
 {¶ 3} Bobo denied committing the burglary, initially telling a police detective, Richard Davidson, that he was visiting his mother in Tennessee at the time the crime occurred. On October 12, 2004, at a preliminary hearing, Lundquist identified Bobo as the burglar she confronted in her home. At trial, Bobo presented a different alibi, asserting that he was working with his cousin, Daniel Harrison, and Harrison's step-father, Ronald Davis, at the time of the offense. Harrison and Davis testified at trial that Bobo was with them on the afternoon of September 3, 2004, installing vinyl siding at a home in Springfield.
 {¶ 4} Bobo asserts three assignments of error. Bobo's first assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO BOLSTER THE CREDIBILITY OF THE COMPLAINING WITNESS BY USING PRIOR CONSISTENT STATEMENTS IN VIOLATION OF THE MANDATES AGAINST ADMITTING HEARSAY."
 {¶ 6} The State asked Lundquist at trial if she identified Bobo at the preliminary hearing in this matter, and Lundquist answered affirmatively. Bobo did not object to Lundquist's testimony regarding her earlier identification of Bobo, and any objection thereto accordingly has been waived. Bobo's first assignment of error is overruled.
 {¶ 7} Bobo's second assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED AND DENIED APPELLANT DUE PROCESS IN ORDERING RESTITUTION AGAINST APPELLANT."
 {¶ 9} Bobo argues that "there was no evidence placed on the record as to the basis of the restitution or even the amounts that were to be ordered." In ordering restitution, "the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount of restitution shall not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender * * * disputes the amount." R.C. 2929.18.
 {¶ 10} We note that Bobo did not object to the restitution amount at the sentencing hearing, and he did not request an evidentiary hearing. His "failure to object waives his right to raise this issue on appeal absent plain error." State v.Delong, Montgomery App. No. 20656, 2005-Ohio-1905. The State correctly notes that Lundquist provided evidence to the court of her economic loss. We find no plain error, and Bobo's second assignment of error is overruled.
 {¶ 11} Bobo's third assignment of error is as follows:
 {¶ 12} "THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE"
 {¶ 13} "When an appellate court analyzes a conviction under the manifest weight standard it must review the entire record, weigh all of the evidence and all the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (Internal citations omitted). Only in exceptional cases, where the evidence `weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." State v.Dossett, Montgomery App. No. 20997, 2006-Ohio-3367.
 {¶ 14} The following seven witnesses testified at trial: Lundquist; Craig Stiver, an evidence technician with the Dayton Police Department; Ronald Swank, an officer assigned to the Dayton Police Department's Bureau of Identification; Detective Richard Davidson of the Dayton Police Department; Daniel Harrison; Ronald Davis; and James Chadwell, a resident of Lundquist's neighborhood. Craig Stiver dusted Lundquist's home for prints and submitted a latent finger print card to Ronald Swank, who determined that the prints recovered were of questionable value. James Chadwell testified regarding suspicious activity that he observed on the evening of September 2, 2004, but he made no identification of Bobo.
 {¶ 15} Lundquist, however, was certain that Bobo committed the burglary. She identified his photo from a spread of six, identified him at the preliminary hearing, and identified him at trial. Lundquist's testimony is credible because not only did she come face-to-face with Bobo in her home, but he was someone she recognized from her neighborhood. Further, a few days after the burglary, she observed Bobo wearing a sorority shirt identical to one taken from her.
 {¶ 16} Bobo's alibi evidence, in the form of the testimony of family members Harrison and Davis, however, is less credible. While both men testified that Bobo was with them when the burglary occurred and asserted they confirmed Bobo's whereabouts on September 3, 2004 by reference to a "composition book" in which they documented their work hours, they were unable to produce the pages from the book to confirm their testimony. When asked what happened to the pages, Harrison testified as follows: "See, where it was kept at was up on a computer desk with a stack of papers, and it was like laid right there by the computer, and my mother has custody of her — of my sister's four kids, which she had passed away. The only thing I can think of was kids was getting paper out of it or something and it — it got lost but I don't know what happened to it. * * *" Similarly, Davis testified as follows regarding the pages: "* * * with all the kids we got in the house, those pages are missing. I mean, they bend back and forth. It's like serrated, you know, where you can tear them off in a straight line, and those pages — I don't have no explanation." The credibility of the alibi is further impeached by Detective Davidson's testimony that at the time of his arrest, Bobo told Detective Davidson that he was in Tennessee with his mother on September 3, 2004.
 {¶ 17} Having reviewed the entire record, weighed all of the evidence and the reasonable inferences therefrom, and having considered the credibility of the witnesses, we cannot say that the jury lost its way in believing Lundquist and convicting Bobo of burglary. Accordingly, Bobo's third assignment of error is overruled. Judgment affirmed.
Wolff, J. and Fain, J., concur.