DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals his conviction for vehicular assault, rendered on a jury verdict in the Ottawa County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On June 14, 2006, Marie Truman was southbound on Billman Road in Ottawa County's Clay Township when her car was struck at an intersection by a vehicle westbound on Camper Road. Camper Road has a posted stop sign at Billman. *Page 2 
 {¶ 3} The impact of the collision caused both vehicles to roll over. The Truman car stopped nose down in a ditch, its occupant seriously injured and lodged inside. The other vehicle, which had been operated by appellant, Cal E. Cook, came to rest a short distance away in a field.
 {¶ 4} When police and rescue personnel arrived, they found that appellant had extricated himself from his own vehicle and moved near Truman's car. Appellant told police he intended to check on her. According to later police testimony, appellant also stated that he was on his way home, in a hurry, and ran the stop sign. A Clay Township police officer also quoted appellant as saying that he always runs that stop sign and that he had not intended to slow down. According to the officer, appellant repeated over and over that he was sorry for running the sign.
 {¶ 5} Both appellant and Truman were taken by life flight to a Toledo hospital where appellant was treated and released. Truman suffered two crushed fingers, a fractured sternum and multiple lacerations and bruises.
 {¶ 6} On July 27, 2006, an Ottawa County grand jury named appellant in a single count indictment, charging him with aggravated vehicular assault in violation of R.C. 2903.08 (A)(2)(b). Appellant pled not guilty and moved to suppress his statements at the accident scene. When the trial court denied the motion, the matter proceeded to trial.
 {¶ 7} At trial, appellant testified that he did not recall making statements to the police at the scene. Although appellant admitted "rolling" through the stop sign, he insisted that his vision of oncoming traffic was impaired by trees and that he was proceeding somewhat blindly into the intersection when the collision occurred. This *Page 3 
testimony was contradicted by a police accident reconstructionist who testified that the gouge marks in the pavement and the final position of the vehicles indicated a forceful collision in which both vehicles were traveling with some speed.
 {¶ 8} Upon submission, the jury found appellant guilty as charged. The trial court entered judgment on the verdict and sentenced appellant to a three-year term under community control, a $2,500 fine and restitution for the victim. From this judgment, appellant now brings this appeal.
 {¶ 9} Appellant sets forth the following seven assignments of error:
 {¶ 10} "APPELLANT'S FIRST ASSIGNMENT OF ERROR: The trial court abuse [sic] its discretion by failing to grant the Appellant's Motion for Acquittal.
 {¶ 11} "APPELLANT'S SECOND ASSIGNMENT OF ERROR: The trial court erred by instructing the jury that venue was proper.
 {¶ 12} "APPELLANT'S THIRD ASSIGNMENT OF ERROR: The State committed prosecutorial misconduct during closing arguments denying the Appellant a fair trial.
 {¶ 13} "APPELLANT'S FOURTH ASSIGNMENT OF ERROR: The State committed prosecutorial misconduct by introducing the Appellant's religious beliefs.
 {¶ 14} "APPELLANT'S FIFTH ASSIGNMENT OF ERROR: The State committed prosecutorial misconduct by allowing one of its employees to discuss its case with one of its witnesses during their testimony. *Page 4 
 {¶ 15} "APPELLANT'S SIXTH ASSIGNMENT OF ERROR: The jury's decision to find the appellant guilty beyond a reasonable doubt was against the manifest weight of the evidence.
 {¶ 16} "APPELANTS SEVENTH ASSIGNMENT OF ERROR: The trial court abused its discretion by ordering restitution without confidence, credible evidence."
 {¶ 17} We shall reserve discussion of appellant's first assignment of error.
 I. Venue {¶ 18} Camper Road, according to trial testimony, forms the border between Ottawa and Sandusky County. When, during cross examination, appellant's counsel began to question a police officer as to which half of the road was in which county, the court called a bench conference:
 {¶ 19} "The court: Are you making a venue argument?
 {¶ 20} "[Appellant's counsel]: I don't know.
 {¶ 21} "The court: If an accident happens on a County line road, venue lies in either County.
 {¶ 22} "[Appellant's counsel]: I understand that, but I am trying to get a little cooperation from this witness as well, Your Honor.
 {¶ 23} "The court: All Right. I think I am going to tell the jury so they are not misled.
 {¶ 24} "[Appellant's counsel]: I understand. I am trying to see where everything lies.
 {¶ 25} "(Bench conference was concluded.) *Page 5 
 {¶ 26} "The court: I think the jury should know that under the Ohio Revised Code, if an accident happens on a county line road, venue or jurisdiction lies in either county, so it is not an issue at this point."
 {¶ 27} In his second assignment of error, appellant insists that venue is an element which must be proven at trial and that the court's instruction effectively took that issue away from the jury.
 {¶ 28} At the outset, we should note that, at trial, appellant raised no objection to the court's admonition. Absent interposition of an objection at trial, a defendant waives all but plain error. State v.Underwood (1983), 3 Ohio St.3d 12, syllabus. To constitute plain error, the error must affect a substantial right. Crim.R. 52(B). Plain error is defined as that which, "* * * seriously affects the fairness or integrity of the trial* * *," State v. Long (1978), 53 Ohio St.2d 91,95, quoting United States v. Beasley (C.A. 5, 1975), 519 F.2d 233, 238, or an error without which, "* * * the outcome of the trial clearly would have been otherwise." State v. Cunningham, 105 Ohio St.3d 197,2004-Ohio-7007, at ¶ 53.
 {¶ 29} In this matter, the court's cautionary remark was a proper statement of the law. R.C. 2901.12(A) places proper venue of a criminal case in any court with subject matter jurisdiction, "* * * in the territory of which the offense or any element of the offense was committed." More specifically the statute provides: "[w]hen it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any of *Page 6 
those jurisdictions." R.C. 2901.12(G). The stop sign appellant ran was on the north side of Camper Road which is in Ottawa County. Thus, the court's interjection was not erroneous.
 {¶ 30} As to whether, the state proved venue beyond a reasonable doubt, appellant does not complain that the general venue charge given at the end of trial was in any way improper. Accordingly, appellant's second assignment of error is not well-taken.
 II. Prosecutorial Misconduct {¶ 31} In his third, fourth and fifth assignments of error, appellant complains that the state committed prosecutorial misconduct by (1) making inflammatory statements during closing, (2) introducing appellant's religious beliefs during trial, and (3) permitting a representative of the prosecutor's office to speak with a witness during that witness's testimony.
 A. {¶ 32} Like erroneous instructions to the jury, failure to object to purported prosecutorial misconduct during trial waives all but plain error. State v. Newton, 108 Ohio St.3d 13, 30, 2006-Ohio-81, ¶ 90. At trial, appellant did not object to the prosecutor's closing remarks.
 {¶ 33} Appellant characterizes as improper the prosecutor's remarks that appellant exercised "convenient memory selection" and the prosecution's assertion that appellant's claim that he was unfamiliar with a road less than three miles from his home was not credible. *Page 7 
 {¶ 34} We have analyzed all of the comments of which appellant complains and find nothing more than fair comment on witness credibility, well within the realm of the acceptable latitude that the prosecution has to argue what the evidence shows and the inferences which may be reasonably drawn. Such argument is permissible. State v.Richey (1992), 64 Ohio St.3d 353, 362, 1992-Ohio-44, vacated on other grounds Bradshaw v. Richy (2005), 546 U.S. 74. Accordingly, appellant's third assignment of error is not well-taken.
 B. {¶ 35} Appellant is a Methodist minister. Prior to trial, the state filed a motion in limine, seeking that the court caution the defense to avoid using appellant's status as a member of the clergy to influence the jury. Prior to trial, the court issued such a caution.
 {¶ 36} In his fourth assignment of error, appellant asserts that the prosecution violated what he mischaracterizes as the court's order precluding the mention that appellant was a pastor. According to appellant, this transgression violated the proscription of Evid.R. 610 against asserting that a person's religious beliefs make the truth of his or her statements more or less likely. Citing Redman v. Watch TowerBible and Tract Soc'y (1994), 69 Ohio St.3d 98, 1994-Ohio-514, appellant insists that any mention of a defendant's religion is inadmissible.
 {¶ 37} Appellant does not cite to the specific portion of the transcript at which this purported infraction occurs. Appellee directs us to an exchange that occurred during its cross examination of appellant: *Page 8 
 {¶ 38} "Q. When you were first beginning your testimony, the question was where are you employed. What is your answer?
 {¶ 39} "A. I am a pastor at Bascom.
 {¶ 40} "Q. Is that a full-time position?
 {¶ 41} "A. Three-quarter time.
 {¶ 42} "Q. Is your time at Fermi [nuclear plant] full-time?
 {¶ 43} "A. No, it is half time.
 {¶ 44} "Q. You have a reason — you have a problem with your employment, don't you?
 {¶ 45} "A. If I have a felony conviction."
 {¶ 46} At this point, appellant's counsel objected and a sidebar conference ensued.
 {¶ 47} "[Prosecutor]: If he is convicted of a felony, he loses his job and that certainly goes to bias.
 {¶ 48} "[Defense counsel]: Your Honor, we were specifically told we weren't allowed to talk about him being a pastor and all those things, he is going to lose his license if he is convicted, he is going to lose his —
 {¶ 49} "The court: That goes to the issue of bias.
 {¶ 50} "* * *
 {¶ 51} "[Prosecutor]: He has a bias because he doesn't want to get convicted so he is making statements different from those he made at the scene."
 {¶ 52} The trial court overruled appellant's objection. At which point, the state renewed its inquiry. Appellant responded: *Page 9 
 {¶ 53} "A. If I'm convicted of a felony, I could likely lose my security clearance at the nuclear power plant as well as my license as a pastor."
 {¶ 54} Appellant misconstrues the holding of Redman. In that case, at the very outset, the court made clear that, "* * * nothing in the rule prohibits the admission of religious evidence to show interest or bias on the part of the witness." Redman at 99. In this matter, the state unquestionably was not inquiring about appellant's status as a minister to suggest that his religious belief predisposed him to be more or less truthful. The purpose of the questioning was to suggest that because a conviction threatened his licensure in both areas of his economic endeavor, appellant had an interest in saying what would be necessary to avoid conviction. Such a line of questioning is wholly proper. Accordingly, appellant's fourth assignment of error is not well-taken.
 C. {¶ 55} During trial, the state called one of the volunteer emergency medical technicians who rendered aid at the crash site. In preliminary questioning, the technician testified that he was employed as a painter. At the close of direct testimony, the court recessed and admonished the witness not to talk to the prosecution during the break.
 {¶ 56} During the break, defense counsel saw the witness in a conference room, talking to a victim's advocate, working with the prosecutor's office. Defense counsel complained to the court that the state had violated its instruction not to talk to the witness during recess. *Page 10 
 {¶ 57} The court conducted an in chambers inquiry into the matter, during which the victim's advocate testified that she was only talking to the witness about painting. The court concluded that there was no impropriety in the contact and denied appellant's motion to have the technician's testimony stricken. In his fifth assignment of error, appellant complains that it was prosecutorial misconduct to permit contact between the victim's advocate and the witness.
 {¶ 58} To prevail on a claim for prosecutorial misconduct, an appellant must not only demonstrate that a prosecutor did or said something improper, he or she must also show that the conduct prejudicially affected the accused's substantial rights. State v.Smith (1984), 14 Ohio St.3d 13, 14. "The touchstone of analysis `is the fairness of the trial, not the culpability of the prosecutor.' Smith v.Phillips (1982), 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78. We will not deem a trial unfair if, in the context of the entire trial, it appears clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper [conduct]. State v.Treesh (2001), 90 Ohio St.3d 460, 464, 2001 Ohio 4." State v.Tenace, 109 Ohio St.3d 255, 262, 2006-Ohio-2417, ¶ 45.
 {¶ 59} Here, the trial court, after inquiry, found no impropriety. Moreover, appellant has not even alleged any manner in which the conduct complained of could have altered the outcome of the trial. As a result, appellant's fifth assignment of error is not well-taken.
 III. Sufficiency of Evidence *Page 11 {¶ 60} In his first assignment of error, appellant maintains that the trial court erred in denying his motion for a judgment of acquittal. In his sixth assignment of error, appellant insists that his conviction was against the manifest weight of the evidence.
 {¶ 61} A motion for a judgment of acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence. See State v. Carter (1995),72 Ohio St.3d 545, 553, 1995 Ohio 104. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. When considering whether a verdict is against the manifest weight of the evidence, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 62} The only element of the offense that appellant asserts the state presented no evidence upon was whether the stop sign he was accused of running was properly authorized by a local traffic commission. Appellant insists such proof is a necessary element whenever an offense is premised on the disregard of such a device. In support, appellant cites this court's decision in State v. Godwin, 6th Dist. No. WD-04-094, 2005-Ohio-3204, rev. by Bowling Green v. Godwin,110 Ohio St.3d 58, 2006-Ohio-3563; Bowling Green v. Lynn, 165 Ohio App.3d 825,2006-Ohio-1401; and State v. Berry, 6th Dist. No. WD-02-043, 2003-Ohio-1620. *Page 12 
 {¶ 63} Each of the cases appellant cites concern consideration of whether an officer has cause to institute a traffic stop upon observation of the violation of a traffic sign. In Berry, at ¶ 9, we held that failure to obey a traffic sign that does not conform to the requirements of the Ohio Manual of Uniform Traffic Control Devices ("MUTCD") cannot be the sole basis for a traffic stop. InGodwin, 2006-Ohio-3204 at ¶ 17, we concluded that, even if the sign complied with MUTCD, the same result ensued when the sign was not authorized by a local traffic commission as required. This holding was reversed by the Supreme Court of Ohio which held that, when an officer observes disobedience of a sign posted in conformity with MUTCD, there is probable cause for a traffic stop, even if the motorist "* * * could not be convicted of failure to obey a traffic control device * * *."Godwin, 110 Ohio St.3d at 62, 2006-Ohio-3563, ¶ 15. We made a similar distinction in Lynn at ¶ 21.
 {¶ 64} From all of this, appellant concludes that if one cannot be convicted of violating a traffic control device that has not been properly authorized by a local traffic commission, such authorization must be an essential element which must be proved. We disagree.
 {¶ 65} Aside from the obvious distinction that all of the cases cited dealt with the propriety of a traffic stop, we note that, in all of the cases cited, the impropriety of the sign was raised by the defendant, usually in a motion to suppress. Appellant has directed our attention to no case or other authority in which the initial burden of proving that a sign was duly authorized was an element of the offense or that authorization outside certain municipalities is required. We conclude, therefore, that a sign posted in *Page 13 
conformity with the MUTCD is presumptively authorized. Neither at trial, nor in pretrial motions did appellant offer any evidence to rebut such a presumption. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 66} With respect to the verdict being against the manifest weight of the evidence, we have thoroughly reviewed the proceedings and find nothing to suggest that the jury lost its way or that injustice results from the verdict. Consequently, appellant's sixth assignment of error is not well-taken.
 IV. Restitution {¶ 67} At sentencing, the trial court ordered appellant to pay $5,650.77 in restitution to the victim for expenses not compensated by insurance. In his seventh assignment of error, appellant insists this order was erroneous as no evidence of this amount was adduced at trial and no separate hearing on restitution was held. Thus, appellant maintains, there is no competent credible evidence in the record to support this award.
 {¶ 68} The state responds that appellant failed to object to the award at the sentencing hearing, waiving the issue for appeal. Moreover, appellee argues, R.C. 2929.18(A)(1) expressly allows a sentencing court to order restitution based on a presentence investigation report. It is in the presentence investigation report prepared in this matter in which details of the restitution issue are contained, according to the state.
 {¶ 69} A sentencing court may order financial sanctions, including, "1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an *Page 14 
amount based on the victim's economic loss. * * * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentenceinvestigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if theoffender, victim, or survivor disputes the amount. * * *." R.C.2929.18(A)(1) (Emphasis added.)
 {¶ 70} Pursuant to the statute, a court may order restitution based upon a presentence investigation. No hearing on the amount of restitution ordered is required unless the offender disputes the order. Appellant did not contest the amount of restitution ordered either during the sentencing hearing or by post-sentencing motion. As a result, he waived any error associated with the order. State v. Bobo, 2d Dist. No. C.A.21012, 2006-Ohio-4147, ¶ 10. Accordingly, appellant's seventh assignment of error is not well-taken.
 {¶ 71} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
 JUDGMENT AFFIRMED. *Page 15 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1