OPINION
{¶ 1} Defendant-appellant, David R. Christy ("Christy"), appeals the judgment of the Wyandot County Court of Common Pleas which ordered him to pay restitution to his victim's family in the amount of $19,334.72. Because we find the trial court's order is not proper in so far as it requires Christy to provide restitution to his victim's family for money they did not pay, we reverse.
 {¶ 2} On August 10, 2003, Christy lost control of his automobile and crashed into a telephone pole. Christy's passenger, Danny Garza ("Garza"), died in the accident.
 {¶ 3} A Wyandot County Grand Jury indicted Christy on one count of aggravated vehicular homicide in violation of R.C.2903.06(A)(2), a felony of the second degree. Christy pled no contest to the charge, and the trial court subsequently found him guilty. The trial court then sentenced Christy to a term of eight years in prison, suspended his operator's license for life, and ordered Christy to pay restitution to Garza's family for their son's funeral expenses.
 {¶ 4} In State v. Christy, 3d Dist. No. 16-04-04,2004-Ohio-6963, this court held the trial court did not err when it ordered Christy to pay restitution. But this court remanded the matter to the trial court to determine the actual, reasonable cost of the expenses at issue. Id. at ¶ 14.
 {¶ 5} On remand, the trial court held a restitution hearing at which it admitted into evidence two funeral bills totaling $19,334.72. The trial court ordered Christy to pay restitution in that amount.
 {¶ 6} It is from this decision that Christy appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR The trial court erred when it ordered the defendant to payrestitution in the sum of $19,334.72 to the family of the victimfor funeral expenses.
 {¶ 7} In his sole assignment of error, Christy argues the trial court erred when it ordered him to pay restitution to Garza's family under former R.C. 2929.18(A) in the amount of $19,334.72.[1]
 {¶ 8} A trial court may order a felony offender to pay "any financial sanction or combination of financial sanctions" authorized by law. R.C. 2929.18(A). More specifically, a trial court may order a felony offender to pay restitution to the victim of the offender's crime "in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). "Economic loss" is "any economic detriment suffered by a victim as a result of the commission of a felony and includes * * * any property loss, medical cost, or funeral expense incurred as a result of thecommission of the felony." R.C. 2929.01(M) (emphasis added).
 {¶ 9} This court previously held Christy must pay restitution to Garza's family under former R.C. 2929.18(A)(1) in an amount equal to "the actual, reasonable funeral expenses incurred for the death of their son." Christy at ¶ 14. At issue is whether $19,334.72 represents that amount. Christy argues it does not.
 {¶ 10} Christy notes Garza's father's insurance company paid money to Garza's estate to settle an uninsured motorist insurance claim, and the estate used part of the money to pay a portion of the funeral expenses. Christy also notes the Victim Advocate applied for reparations from the Victims of Crime Fund ("VCF"), which paid $7,500 toward the balance of the expenses. Since third-parties provided the money to pay the costs at issue, Christy concludes the trial court's order of restitution is not proper because it permits Garza's family to receive double recovery for their loss. See, e.g., State v. Martin (2000),140 Ohio App.3d 326, 747 N.E.2d 318 (holding a trial court may not order an offender to pay restitution to a victim when a third-party compensated the victim for the same loss).
 {¶ 11} The trial court determined the insurance company made a "lump sum" payment to settle the uninsured motorist insurance claim, the estate used a part of the money to pay a portion of the funeral expenses, and the balance of the estate passed to Garza's family. Christy does not point to any evidence in the record sufficient to establish the insurance company designated a portion of the settlement proceeds to apply to the funeral expenses at issue, nor have we found any. In the absence of such evidence, we find the trial court's order is proper in so far as it requires Christy to pay restitution to Garza's family for the money the estate paid and the family would have otherwise received.
 {¶ 12} We are, however, constrained to find the trial court's order is not proper in so far as it requires Christy to pay restitution to Garza's family for any amounts paid by the VCF. This is because the record reflects that the reparations awarded upon the Victim Advocate's application were for the specific purpose of paying a portion of the funeral expenses.
 {¶ 13} We note that, under former R.C. 2929.18(A)(1), a trial court may order a felony offender to pay the VCF for money the VCF paid on a victim's behalf. R.C. 2743.72(E) ("The reparations fund is an eligible recipient for payment of restitution."); see, e.g., State v. Kreischer (2006), 109 Ohio St.3d 391,2006-Ohio-2706, 848 N.E.2d 496 (former R.C. 2929.18(A)(1) authorizes a trial court to order an offender to pay restitution to a third-party for money paid on behalf of the victim); Statev. Riegsecker, 6th Dist. No. F-03-022, 2004-Ohio-3808 (holding a trial court did not err when it ordered the offender to pay restitution to the VCF). But because the issue is not directly before us, we express no opinion as to whether such an order is appropriate under the particular facts of this case.
 {¶ 14} Given the foregoing, we cannot say that the trial court's order requiring Christy to pay restitution to the family was confined to an amount equal to "the actual, reasonable funeral expenses incurred for the death of their son." We must, therefore, conclude the trial court erred in the amount it ordered Christy to pay as restitution to the family.
 {¶ 15} Christy's sole assignment of error is sustained.
 {¶ 16} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Bryant, P.J. and Shaw, J., concur.
[1] We must apply the law in effect at the time Christy committed his offense. See State v. Bonanno, 3d Dist. No. 1-02-21, 2002-Ohio-4005 at ¶ 10. The accident that led to Christy's conviction for aggravated vehicular homicide occurred on August 10, 2003. Therefore, the version of R.C. 2929.18 found in Am.Sub.H.B. 170 and effective September 6, 2002 applies in this case.