JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Kenneth Jarrett appeals his convictions in case numbers CR-490932 and CR-491592. He sets forth the following two assignments of error for our review:
 {¶ 2} "[1.] The trial court erred by imposing restitution without holding a hearing under Ohio Revised Code section 2929.18; [and]
 {¶ 3} "[2.] The appellant/defendant's constitutional right to effective assistance of counsel was violated when such counsel failed to file a motion for treatment and by not objecting to the failure to hold a hearing on the issue of restitution."
 {¶ 4} Having reviewed the record and pertinent law, we affirm.
 History of the Case {¶ 5} Jarrett was indicted on multiple counts in both cases. On April 19, 2007, as part of a plea agreement, he withdrew his former pleas of not guilty. In case number CR-490932, he pled guilty to three counts of forgery and one count of possessing criminal tools, and in case number CR-491592, he pled guilty to one count of receiving stolen property and forgery. The remaining counts in each case were dismissed.
 {¶ 6} At the plea hearing, Jarrett agreed to pay restitution in case number CR-491592, but not to a specific amount of restitution. Defense counsel requested that a presentence investigation report be prepared for sentencing. *Page 2 
Defense counsel also requested that Jarrett be placed in a drug treatment program pending disposition of the case. The trial court replied that he could not, and defense counsel stated, "I'll file a motion with the Court." Defense counsel then attempted to give the court more information, but the court interrupted him, stating, "[f]ile a motion if you would, please." Defense counsel said that he would, but the record shows that he never did.
 {¶ 7} At the sentencing hearing on June 19, 2007, the trial court indicated that it "very carefully reviewed" the presentence investigation report. The court then asked defense counsel, "[w]ith respect to the information contained therein, do you have any deletions, additions, corrections or would you say it is substantially correct?" Defense counsel replied, "[substantially correct, your Honor."
 {¶ 8} The trial court then asked defense counsel if he had anything to say. Counsel indicated, inter alia, that he had known Jarrett for the past three years, and said that Jarrett had a very serious drug addiction, and that the drug addition is what led him to his involvement in these crimes. Notably, counsel did not discuss restitution.
 {¶ 9} After defense counsel addressed the trial court regarding mitigation of punishment Jarrett faced, the court then asked Jarrett, "if he wished to make a statement." Jarrett apologized to the court for his crimes, spoke of his drug *Page 3 
addiction, treatment he had received in the past, and requested further treatment. The trial court told Jarrett that he would not receive treatment, and again asked him if he had anything to say. Jarrett replied, "[n]o."
 {¶ 10} Reading directly from the presentence investigation report, the trial court reviewed Jarrett's lengthy criminal record, which dated back to 1991. Jarrett had been convicted over fifty times. The trial court further noted that Jarrett had received probation in the past, but had never successfully completed it. The trial court pointed out that Jarrett had in fact committed crimes while under supervision, many similar to the current crimes.
 {¶ 11} The trial court then sentenced Jarrett to a total incarceration of 47 months. As part of his sentence, the trial court ordered that Jarrett pay restitution in the amount of $5,022.25 to Home Depot; $851 to Shaker Quality Foods; and $633.47 to Huntington National Bank. Regarding one victim, the court stated, "National City Bank did not come up with an amount and unfortunately, the way it is, I can't order it if I don't have it at the time of sentencing." Jarrett did not object to any part of his sentence.
 Restitution {¶ 12} In his first assignment of error, Jarrett argues that the trial court erred by imposing restitution without first conducting a separate hearing, thus violating R.C. 2929.18(A)(1). He also claims that he was denied the opportunity *Page 4 
to object to the amount of economic loss sustained by the victims. Finally, he contends that the trial court erred by not informing him how restitution was calculated.
 {¶ 13} In opposition, but also referencing the same statute, the state argues that a separate oral hearing was not required because Jarrett did not object or dispute restitution. In fact, the state claims that at the plea hearing, Jarrett agreed to pay restitution as part of the plea agreement. We agree that the trial court was not required to hold a separate hearing before it imposed restitution.
 {¶ 14} Initially, we note that since Jarrett did not object at his sentencing hearing to the order of restitution or the amounts ordered, he waived all but plain error. State v. Marbury (1995), 104 Ohio App.3d 179,181.
 {¶ 15} Crim. R. 52(B) provides that: "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." We invoke plain error if we find that the circumstances in the instant case are exceptional and that reversal of the restitution order is necessary to prevent a manifest miscarriage of justice. State v. Landrum (1990), 53 Ohio St.3d 107, 112. For the reasons that follow, we do not find plain error.
 {¶ 16} R.C. 2929.18(A) provides in relevant part that a court may sentence the offender to a financial sanction, including: *Page 5 
 {¶ 17} "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court ***. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information ***. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. ***"
 {¶ 18} A review of the transcript of the sentencing hearing indicates that the trial court, in open court, ordered Jarrett to pay restitution to three of the six victims in the exact amounts requested by these particular victims in their victim impact statements (included in the presentence investigation report). R.C. 2929.18(A)(1) clearly states,"[i]f the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim or survivordisputes the amount." (Emphasis sic.) At no time did Jarrett or his counsel object to restitution or dispute the amounts requested by the victims. Thus, the trial court was not required to hold a separate hearing on restitution. *Page 6 
 {¶ 19} Regarding Jarrett's claims that he was denied the opportunity to question and object to the restitution, the record shows otherwise. It reveals that at the plea hearing, the state, defense counsel, and the trial court all discussed restitution being part of the plea agreement. More importantly, Jarrett explicitly agreed to pay restitution at the plea hearing when questioned by the trial court. And after the trial court sentenced him, including the amount of restitution, neither he nor his counsel objected.
 {¶ 20} Furthermore, the presentence investigation report, which was available to defense counsel, included detailed information of the amount of restitution requested. Again, after the trial court read information from the report into the record, it asked defense counsel if the report was correct. Defense counsel replied that it was "substantially correct."
 {¶ 21} Based upon the forgoing, we conclude that the trial court's restitution orders did not violate Jarrett's substantial rights. Thus we find no plain error. Jarrett's first assignment of error is overruled.
 Ineffective Assistance of Counsel {¶ 22} In his second assignment of error, Jarrett claims that he was denied effective assistance of counsel because his counsel did not object to the trial court's failure to hold a hearing on restitution. In addition, he claims that his counsel was ineffective because he did not file a motion for drug treatment. As a result of these inactions by his counsel, Jarrett argues he was prejudiced. *Page 7 
 {¶ 23} We review a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington (1984),466 U.S. 668. Under Srickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus. To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. State v. Sallie (1998),81 Ohio St.3d 673, 674.
 {¶ 24} We determined in the first assigned error that restitution was properly imposed according to the amounts reported by the victims in the victim impact statements. Thus, we cannot conclude, based upon the foregoing, that Jarrett's lawyer's inaction fell below an objective standard of reasonable representation or that his performance was deficient. The restitution imposed was based upon the exact economic loss suffered and substantiated by the victims whom requested it. Therefore, counsel's failure to object or dispute the amount of restitution imposed does not constitute ineffective assistance of counsel under the first prong of Strickland.
 {¶ 25} With respect to his defense counsel not filing a motion for drug treatment, Jarrett claims it violated his constitutional right to effective counsel. Even if we were to agree that his trial counsels inaction amounted to ineffective *Page 8 
assistance of counsel, Jarrett, fails to show how the outcome would have been different had his counsel filed the motion.
 {¶ 26} At the plea hearing, defense counsel did request that Jarrett be placed in a drug treatment program. The trial court immediately denied his request. At the sentencing hearing, Jarrett, when given the opportunity to speak, requested the court place him in a drug treatment program. The trial court responded, "[g]uess what, sir? There aren't going to be any programs."
 {¶ 27} Notably, the trial court informed Jarrett he would not receive drug treatment because of his lengthy criminal record. In fact, the court fully reminded Jarrett of his previous convictions by reading them into the record. The court also pointed out that Jarrett never successfully completed any of the probations he had been placed on, and he had committed new criminal offenses while he had been on probation.
 {¶ 28} Counsel's failure to file such a motion did not prejudice Jarrett in any way. In light of Jarrett's lengthy criminal history, and pattern of continuing to commit crimes while under probation supervision, the motion would not likely have changed the outcome. Accordingly, Jarrett's second assigned error is overruled.
 {¶ 29} The judgment of the Cuyahoga County Court of Common Pleas is affirmed. *Page 9 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and SEAN C. GALLAGHER, J., CONCUR. *Page 1