The STATE of Ohio, Appellee,

v.

WAITERS, Appellant.

[Cite as *State v. Waiters*, 191 Ohio App.3d 720, 2010-Ohio-5764.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93897.

Decided Nov. 24, 2010.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James A. Gutierrez and Diane Smilanick, Assistant Prosecuting Attorneys, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant.

Mary J. Boyle, Presiding Judge.

{¶ 1} Defendant-appellant, Charles Waiters, appeals the amount of restitution the trial court ordered him to pay as part of his sentence. Waiters raises two issues on appeal:

{¶ 2} "[1.] The trial court erred when it imposed a $14,674.23 restitution order without an adequate evidentiary basis for the amount imposed.

{¶ 3} "[2.] The trial court erred in failing to hold an adequate restitution hearing when the defendant disputed the amount."

{¶ 4} Finding merit to his appeal, we reverse and remand for an evidentiary hearing on the amount of restitution.

## Procedural History and Factual Background

{¶ 5} The grand jury indicted Waiters on nine counts: one count of theft, in violation of R.C. 2913.02; one count of having a weapon while under a disability, in violation of R.C. 2923.13; and seven counts of tampering with records, in violation of R.C. 2913.42. The indictment alleged that Waiters stole between $5,000 and $100,000 from the Cuyahoga County Metropolitan Housing Authority ("CMHA").

{¶ 6} Waiters originally pleaded not guilty, but later withdrew his plea and pleaded guilty to theft, an amended count of attempt to tamper with records, and having a weapon while under a disability. The other counts were dismissed.

{¶ 7} After reciting the plea agreement to the court, the prosecutor stated: "The state would request $14,674.23 in restitution." Waiters's defense counsel then agreed that the prosecutor's recitation of the plea agreement was correct.

{¶ 8} Waiters also signed a written plea agreement as outlined by the state. This form included a provision titled "Further Agreements by Defendant." Under this provision, Waiters agreed to "pay restitution in amount of $14,674.23."

{¶ 9} At Waiters's sentencing hearing, defense counsel explained to the court that Waiters understood that he should have reported his income, but that he did not consistently earn money from his other jobs. Then defense counsel stated: "That's why these charges came forth. I don't think it was a large sum of money involved. I'm not sure of the amount. But I clearly don't think it was —." The trial court interrupted defense counsel and said, "They're claiming over $14,000." Defense counsel replied:

{¶ 10} "$14,000. And I know in pre-trying the case with [the prosecutor] one of my concerns always was how they computed this money, where they came up with this figure that you just indicated of $14,000. I'm not clear that their math is—or addition is the best addition employed here, but that's what they say it is."

{¶ 11} The trial court sentenced Waiters to three years of community-control sanctions. Regarding the restitution amount, the trial court stated: "And based on the victim's statement, restitution in the amount of $14,674.23 will be assessed in this * * * case. I'm going to ask the Probation Department to review the restitution amount with the victim to see if that's really accurate. * * * Unless it's shown that that's not the correct amount, then I will keep it at this rate. If there's some reduction that's appropriate, then I'll make it." In the sentencing entry, the trial court ordered that $14,674.23 be paid to the victim as restitution.

### Standard of Review

{¶ 12} The standard of review for determining whether the trial court properly ordered restitution is abuse of discretion. *State v. Carrino* (May 11, 1995), 8th Dist. No. 67696, 1995 WL 277103. " 'The term "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

### Restitution

{¶ 13} Although R.C. 2953.08(D) provides that a defendant may not appeal a jointly recommended sentence imposed by the court, that section specifically provides that it applies only "if the sentence is authorized by law." When a court imposes a sentence pursuant to a plea agreement and any part of that sentence is not authorized by law, the exception to appealability in R.C. 2953.08(D) does not apply. See *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus, ¶ 18. Therefore, a jointly recommended sentence may be reviewed to determine whether it was authorized by law. Id.

{¶ 14} We also are aware that agreement to, or failure to dispute or object to, a restitution amount when entering a plea has been held to constitute a waiver of the hearing procedures required by R.C. 2929.18(A)(1). See *State v. Cook*, 6th Dist. No. OT–07–020, 2008-Ohio-89, 2008 WL 114976 (failure to object to amount at sentencing results in waiver); *State v. Stewart*, 3d Dist. No. 16–08–11, 2008-Ohio-5823, 2008 WL 4831476 (failure to object to trial court's award of restitution waives all but plain error). Nonetheless, public policy requires that the judiciary charged with sentencing be adequately informed. See *State v. Hess* (Dec. 24, 1991), 4th Dist. No. 515, 1991 WL 286052. It is a trial court's duty to ensure that it has the necessary information before it to comply with the sentencing statutes. *State v. Newman*, 11th Dist. No. 2002–A–0007, 2003-Ohio-2916, 2003 WL 21310323, ¶ 12. Thus, when a defendant has been convicted of a

crime, the trial court is required to abide by the statutory requirements in R.C. 2929.18 when imposing restitution, even when accepting the terms of a plea agreement.

{¶ 15} R.C. 2929.18(A)(1) provides that financial sanctions may include:

{¶ 16} "Restitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss.  * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender.  If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, * * * and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."

{¶ 17} Thus, prior to imposing restitution, a trial court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence.  See *State v. Warner* (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18.  It is also well settled that there must be a "due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." *State v. Williams* (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270.

{¶ 18} "Documentary and/or testimonial evidence must be introduced to demonstrate the victim's economic loss.  *State v. Webb,* 173 Ohio App.3d 547, 2007-Ohio-5670, 879 N.E.2d 254; *State v. Marbury* (1995), 104 Ohio App.3d 179, 661 N.E.2d 271.  Furthermore, because R.C. 2929.18(A)(1) states that the trial court's order of restitution shall not exceed the amount of economic loss suffered by the victim, and double recovery would amount to an impermissible economic windfall for the victim, the evidence introduced to demonstrate the actual economic loss suffered by the victim must take account of any offsets to the victim's economic loss and any mitigation of damages * * *.  *State v. Martin* (2000), 140 Ohio App.3d 326, 747 N.E.2d 318; *State v. Christy,* Wyandot App. No. 16–06–01, 2006-Ohio-4319, 2006 WL 2390273." *State v. Bowman,* 181 Ohio App.3d 407, 2009-Ohio-1281, 909 N.E.2d 170, ¶ 12.

{¶ 19} In this case, although a plea agreement was reached and accepted, the restitution amount must still be reasonably related to the actual amount of damages or economic loss suffered.  The presentence investigation report ("PSI") includes a police report documenting the amount of income Waiters allegedly earned during the years he received CMHA housing.  The PSI states: "According to the police report, the total amount of theft that the offender owed to CMHA * * * for 6–27–02 through 2–2005 was $14,674.23."  The

PSI further explains that "the amount is the subsidy paid to CMHA by HUD for the offender to reside at this residence." And in the "Victim's Version and Restitution" of the PSI, it states that a victim-impact statement was sent to CMHA, but that CMHA never returned it.

{¶ 20} Under many, if not most circumstances, we agree that a plea agreement may constitute a waiver of an appellant's challenge to the amount of restitution. In this instance, however, nothing in the record provides any guidance or evidence from which the trial court could have determined whether the amount of restitution was reasonably related to the loss suffered by the victim. Although the trial court stated that "based on the victim's statement, restitution in the amount of $14,674.23 will be assessed," the record establishes that CMHA never made a victim's statement. Indeed, we are not even sure that CMHA is the victim in this case, as it is not clear that it suffered economic loss. Rather, HUD appears to be the entity that suffered economic loss (although HUD was not named in the indictment). And if Waiters paid $14,674.23 to CMHA, it would receive double the income it should have received from Waiters's tenancy, which would amount to a windfall for CMHA.

{¶ 21} Accordingly, we find that there is no competent, credible evidence in the record to establish the restitution amount. Waiters's first assignment of error is sustained.

### Evidentiary Hearing

{¶ 22} In his second assignment of error, Waiters argues that the trial court erred by not holding a hearing on the restitution amount. We agree.

{¶ 23} The restitution statute makes clear that "[i]f the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." R.C. 2929.18(A)(1). Here, defense counsel stated at the sentencing hearing that he was not sure that the amount of restitution was correct. Although this was not a formal objection, it was sufficient to put the court on notice that the restitution amount was in dispute. As we stated previously, it is the court's duty to ensure that the restitution amount is correct. R.C. 2929.18(A)(1).

{¶ 24} Waiters's second assignment of error is sustained.

{¶ 25} We therefore reverse the judgment of the trial court and remand this case for the trial court to conduct an evidentiary hearing to determine the appropriate amount of restitution Waiters should pay, if any, and also to what victim.

Judgment reversed
and cause remanded.

CELEBREZZE, J., concurs.

COONEY, J., dissents.

COLLEEN CONWAY COONEY, Judge, dissenting.

{¶ 26} I respectfully dissent. Waiters entered a plea agreement in which he agreed to the amount of restitution. He was sentenced in September 2007 and never disputed the amount until he filed this delayed appeal two years later. He was given three years of community-control sanction that should now be concluded.

{¶ 27} R.C. 2929.18(A) allows the court to order restitution based on a presentence investigation report, as was done in the instant case. No hearing was required because Waiters and his counsel made no objection. See *State v. Jarrett*, Cuyahoga App. No. 90404, 2008-Ohio-4868, 2008 WL 4356160. Therefore, I would affirm.