[Cite as *State v. Rox*, 2013-Ohio-2529.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98838

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## JEFFREY ROX

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560781

**BEFORE:** E.T. Gallagher, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Sanjeev Bhasker
          T. Allan Regas
          Joseph J. Ricotta
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Plaintiff-appellant, the state of Ohio, appeals a judgment that sentenced defendant-appellee Jeffrey Rox ("Rox") to an aggregate seven-year prison term, but did not order restitution. We find no merit to the appeal and affirm.

**{¶2}** Rox pleaded guilty to aggravated vehicular homicide, failure to stop after an accident, and unauthorized use of a vehicle. Before accepting Rox's guilty plea, the court notified him that he would be required to pay restitution to the victims. The court informed Rox at the plea hearing:

> Prosecution believes restitution is owing, but does not know the amount and expects to admit evidence to support an order of restitution at the time of sentencing. It's unknown what that would be. You should be aware. Requirement to pay restitution, whatever the State proves by a preponderance of the evidence is the facts of the case, you would be required to pay, do you understand?

**{¶3}** At the sentencing hearing, the prosecutor reminded the court that the state was seeking an order of restitution. He suggested that Rox should pay $5,560 to Shaian Hudson ("Hudson") for damage to her car. Rox was driving Hudson's car without authorization at the time he crashed into the decedent's vehicle. The prosecutor indicated that he had a receipt for the damaged vehicle, but failed to offer the receipt into evidence. He also suggested that Rox should pay $1,270.50 in restitution to Triple R Auto Sales because that was the amount owed on the car that was totaled. He stated that the totaled car was valued at $1,500. The prosecutor informed the trial court that although most of the medical bills were paid by the state, the family of one of the victims paid $41.02 out of pocket for medical treatment. Rox did not stipulate to these

amounts, and the state never offered any receipts, documents, or witness testimony into evidence to prove its restitution claims.

{¶4} When the court pronounced the sentence, it did not order restitution. Following the court's pronouncement of sentence, the prosecutor asked: "One comment with regard to restitution. I did make representations there are receipts. I don't know if [sic] Court wants to admit it into the record?" The court informed the prosecutor that he failed to produce any evidence in support of restitution prior to the imposition of the sentence and that, after the pronouncement of sentence, it is too late to offer any evidence.

{¶5} In its sole assignment of error, the state argues the trial court erred when it arbitrarily refused to admit evidence of restitution after pronouncing its sentence despite the fact that restitution was part of the plea agreement.

{¶6} R.C. 2929.18(A)(1) permits a trial court, as part of a sentence, to order the defendant to pay restitution to the victim of the offender's crime to compensate for the victim's economic loss. *State v. Hody*, 8th Dist. No. 94328, 2010-Ohio-6020, ¶ 24. We review the trial court's decision whether to award restitution under an abuse of discretion standard. *State v. Berman*, 8th Dist. No. 79542, 2002-Ohio-1277, ¶ 6, citing *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995).

{¶7} Before awarding restitution, the trial court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence. *State v. Warner*, 55 Ohio St.3d 31, 69, 564 N.E.2d 18

(1990). Where evidence of actual losses is not forthcoming from those claiming restitution, the trial court abuses its discretion in ordering restitution. *Marbury* at 181.

{¶8} In this case, the state presented no evidence to support its restitution claims. Following the prosecutor's presentation of what he believed the evidence would show, the court asked the prosecutor: "Do you wish to offer any other evidence?" In response, the prosecutor addressed an issue concerning judicial release rather than submitting any evidence in support of restitution. Therefore, the trial court would have abused its discretion if it had awarded any amount of restitution in the absence of competent, credible evidence.

{¶9} The state further argues that even if there was insufficient evidence to determine the amount of restitution to a reasonable degree of certainty, this court should remand the case to the trial court to conduct a restitution hearing because restitution was part of the parties' plea agreement. In support of its argument, the state cites *State v. Waiters*, 191 Ohio App.3d 720, 2010-Ohio-5764, 947 N.E.2d 710 (8th Dist.), for the proposition that a plea agreement constitutes a waiver of a defendant's right to challenge the amount of restitution.

{¶10} However, in *Waiters*, this court held that the defendant's failure to object to an amount of restitution could constitute a waiver of the defendant's right to later challenge the amount, if there was competent, credible evidence that the amount reflects the victim's actual economic loss. Although the parties may agree on an amount of restitution in a plea agreement, "the restitution amount must still be reasonably related to

the actual amount of damages or economic loss suffered." *Id.* at ¶ 18. In *Waiters*, we concluded that the trial court abused its discretion by awarding an amount of restitution in the absence of evidence. In this case, we find no error since the court did not award an amount of restitution because there was no evidence.

{¶11} Finally, the state argues the trial court should have permitted it to introduce evidence of restitution even after the court pronounced the sentence because the sentence was not final. Generally, a trial court cannot reconsider a valid final judgment in a criminal case. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599, 589 N.E.2d 1324 (1992). However, Crim.R. 32(C) provides that a judgment becomes final when the trial court reduces it to writing and the clerk enters it on the journal. *State v. Danison,* 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, ¶ 6. Therefore, it follows that if the judgment is not final, the trial court may reconsider it and modify it.

{¶12} However, the trial court is not required to reopen the issue after the proceedings have concluded. The decision to reconsider an issue after the matter has concluded is akin to granting a continuance because both actions affect the court's operation and control of its own docket. In *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), the Ohio Supreme Court held that in determining whether the trial court abused its discretion in denying a motion for continuance, the reviewing court must "weigh[] * * * any potential prejudice to a defendant [against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice."

{¶13} In this case, the state had an opportunity to present evidence in support of its restitution claims. It failed to produce evidence even though the court directed the prosecutor's attention to the evidence when it asked, "Do you wish to offer any other evidence?" By the time the court pronounced the sentence and the hearing was at an end, the trial court was ready to move on to the next matter on the court's schedule. To stop and reconsider sentences each time one of the parties fails to present its case properly would greatly reduce the court's efficiency. Therefore, the trial court acted within its discretion when it refused to reconsider the restitution hearing.

{¶14} The sole assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR