[Cite as *State v. Matthews*, 2015-Ohio-176.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101275

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### KENNETH MATTHEWS

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-577754-A

**BEFORE:** Stewart, J., S. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 22, 2015

**ATTORNEY FOR APPELLANT**

Brian Moriarty
2000 Standard Bldg.
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Scott Zarzycki
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant, Kenneth Matthews, appeals his murder conviction and sentence. Matthews argues that his conviction was against the manifest weight of the evidence, that the court erred by failing to inform him of postrelease control, and that the court erred in ordering him to pay restitution. For the following reasons, we affirm Matthews convictions, but vacate the order of restitution and remand to the trial court to hold a hearing on actual losses suffered.

{¶2} On the night of August 30, 2013, Kenneth Matthews fatally shot Bruce Jernigan. The evidence and testimony presented at trial revealed that the altercation took place sometime around 11:30 p.m., shortly after Jernigan got off his shift at a local grocery store. Jernigan and two friends, Tracy O'Hare and Jerome Sweeney, had walked to Sweeney's home located just around the block from the store. The three men were standing on the lawn outside of Sweeney's apartment building when a pickup truck turned down the street, stopped a few houses away from them, and then proceeded to back up toward them. Matthews and his daughter were riding in the truck. At this point, Matthews yelled from the truck for the three men to get off the block. Jernigan refused, and told Matthews that they did not have to go anywhere because they lived there. Matthews then proceeded to exit the truck, approach Jernigan and shoot Jernigan in the face.

{¶3}  On March 24, 2014, a jury found Matthews guilty of murder in violation of R.C. 2903.02(B), with a firearm specification, felonious assault in violation of R.C. 2903.11(A)(1), with a firearm specification, and felonious assault in violation of R.C. 2903.11(A)(2), with a firearm specification.  At sentencing, the trial judge merged both counts of felonious assault with the murder conviction. The court also merged the firearm specifications.  The court sentenced Matthews to a term of three years' imprisonment on the firearm specification, to be served prior to, and consecutive with, 15 years to life on the murder conviction.  The court also ordered Matthews to pay $4,000 in restitution to the victim's family in order to cover the victim's funeral expenses.

{¶4}  In his first assignment of error, Matthews claims his conviction for murder was against the manifest weight of the evidence.  More specifically, Matthews argues that the jury "lost its way" when it found that Matthews did not act in self-defense when he shot Jernigan.

{¶5}  When reviewing a claim challenging the manifest weight of the evidence, the appellate court "reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and * * * resolves conflicts in the evidence." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.  Under this construct, the appellate court is obliged to sit as a "thirteenth juror," and determine whether, after examining and weighing all of the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.  *Id.* Accordingly, reversal on manifest weight grounds is reserved only for exceptional cases where the evidence weighs heavily against the conviction.  Id.; *State v. Jones*, 8th Dist. Cuyahoga No. 88900, 2007-Ohio-4580, ¶ 15.

**{¶6}** Ohio law recognizes self-defense as an affirmative defense to a murder charge. *State v. Martin*, 21 Ohio St.3d 91, 488 N.E.2d 166 (1986), *aff'd, Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987). In order to prevail on the affirmative defense of self-defense, an accused bears the burden of proving by a preponderance of the evidence that he (1) was not at fault in creating the situation giving rise to the death of the victim; (2) had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) did not violate any duty to avoid the danger. *State v. Williford*, 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990). "If the defendant fails to prove *any one* of these elements by a preponderance of the evidence he has failed to demonstrate that he acted in self-defense." (Emphasis sic.) *State v. Jackson*, 22 Ohio St.3d 281, 284, 490 N.E.2d 893 (1986).

**{¶7}** Here, O'Hare and Sweeney, two eye witnesses who were with Jernigan when he was shot, testified at trial that Matthews exited his truck with a weapon in hand, walked up to Jernigan, and shot him at close range. The witnesses testified that Jernigan was unarmed, and had done nothing to provoke Matthews, aside from simply refusing to get off the block. Although Matthews maintains that he was acting in self-defense, no credible evidence was ever presented that established that Jernigan was armed that evening. No gun was found at the scene of the crime and witnesses testified that they did not see Jernigan in possession of a weapon. Further, a woman who was a 38-year resident of the neighborhood testified that Matthews had recently told her two days before the shooting that she needed to clean up her streets or that he was going to do it for her.

{¶8}    Therefore, after careful consideration of the evidence in the record, we cannot say that the jury lost its way and committed a manifest injustice by finding Matthews guilty of murder.

{¶9}    In his second assignment of error, Matthews argues that the court erred when it failed to inform him of postrelease control at the sentencing hearing. Here, it is undisputed that Matthews was convicted of murder.   The crime of murder is an unclassified felony to which the postrelease control statute does not apply.   *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; *State v. Gripper*, 10th Dist. Franklin No. 10AP-1186, 2011-Ohio-3656, ¶ 10.   Accordingly, the court acted properly by not advising Matthews of postrelease control.

{¶10} In his third assignment of error, Matthews argues that the court erred by ordering him to pay restitution without sufficient competent evidence in the record to support such an order.   We agree.

{¶11} Under R.C. 2929.18(A)(1), a court may order a felony offender to pay restitution to the victim of the crime, or the victim's family, as part of his sentence.

{¶12} R.C. 2929.18(A)(1) provides, in relevant part:

> If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

**{¶13}** Appellate courts review an order of restitution for abuse of discretion. *State v. Carrino*, 8th Dist. Cuyahoga No. 67696, 1995 Ohio App. LEXIS 1950, *2 (May 11, 1995). The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶14}** In Ohio, it is clear that "there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered," by the victim. *State v. Williams*, 34 Ohio App.3d 33, 34, 516 N.E.2d 1270 (2d Dist. 1986). To be a lawful order, the amount of restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty. *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (6th Dist. 1999). "Documentary and/or testimonial evidence must be introduced to demonstrate the victim's economic loss." *State v. Waiters*, 191 Ohio App.3d 720, 2010-Ohio-5764, 947 N.E.2d 710, ¶ 18 (8th Dist.).

{¶15} Matthews contends that there was not competent and credible evidence presented such that the court could discern the amount of restitution to a reasonable degree because *no* evidence was introduced as to the funeral costs. However, a careful review of the record would suggest that some, albeit slight, evidence of loss was introduced. At the sentencing hearing, Jernigan's mother gave a victim impact statement. During this statement, the court asked Jernigan's mother if she was charged with the funeral arrangements. To this she replied that it was her daughter who arranged the funeral. However, despite the fact that she had not planned the funeral, the mother went on to testify that the funeral costs were $4,095. Because Jernigan's mother did not arrange the funeral, and did not supply any documentary evidence of funeral costs, we conclude that the victim's actual losses were never shown with reasonable certainty, and therefore the court abused its discretion in ordering Matthews to pay restitution in the amount of $4,000.

{¶16} Accordingly, the order of restitution is set aside, and we remand this case for an evidentiary hearing on the actual amount of economic loss suffered and to whom any such amount is owed. This cause is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR