[Cite as *State v. Jackson*, 2015-Ohio-3742.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140573 |
| | | TRIAL NO. B-1404587B |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DONTONYO JACKSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 16, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Josh Thompson*, Assistant Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1}    Defendant-appellant Dontonyo Jackson admitted to breaking into a GameStop store and a RadioShack store and stealing merchandise by smashing through each of the stores' walls with a sledgehammer.  He pleaded guilty to two counts of breaking and entering, and to possessing criminal tools.  Following the completion of a presentence investigation report ("PSI"), the trial court conducted a sentencing hearing and sentenced Jackson to three years of community control, imposed a $250 fine, and ordered Jackson to pay $5777.81 in restitution.   This appeal followed.

{¶2}    In one assignment of error, Jackson contends that the trial court erred in imposing $1,982.35 of the restitution award because that amount was not an "economic loss" under R.C. 2929.18(A)(1).  This argument has no merit.

{¶3}    It is within a trial court's discretion to order restitution in any amount consistent with the victim's economic loss, and we review the trial court's judgment for an abuse of that discretion.  *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, paragraph one of the syllabus; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); R.C. 2929.18(A)(1). "Economic loss" is "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." R.C. 2929.01(L).  This includes the cost of repairing or replacing damaged property.  *Lalain* at paragraph one of the syllabus.

{¶4}    At Jackson's sentencing hearing, GameStop requested $4,415.67 in restitution.  Of this amount, $1,982.35 was attributed to payments that GameStop had made to security personnel hired to guard against further break-ins after GameStop had rebuilt the wall Jackson had demolished, but before the cement in the

concrete block wall had set. Jackson claims that this part of the award was unwarranted.

{¶5} Before turning to the merits of Jackson's appeal, we note that a trial court ordinarily is required to conduct an evidentiary hearing in cases where the amount of restitution is disputed. R.C. 2929.18(A)(1); *Lalain* at paragraph two of the syllabus. However, Jackson affirmatively relinquished his right to a hearing in open court, and he therefore waived his right to it. *See State v. Rogers*, ___ Ohio St.3d ___, 2015-Ohio-2459, ___N.E.3d___, ¶ 20. Under these circumstances, we look to the arguments made at the sentencing hearing and to the PSI to determine whether the award was warranted. *See* R.C. 2929.18(A)(1).

{¶6} At the sentencing hearing, Jackson essentially contended that the security-guard costs were not proximately caused by his crime. He makes a similar argument on appeal. The term, "proximate cause," is often difficult to define as applied to the facts of a particular case. *Clinger v. Duncan*, 166 Ohio St. 216, 222, 141 N.E.2d 156 (1957). But "it is generally true that, where an original act is wrongful * * * and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established." *Id.*

{¶7} In this case, we find that the security-guard costs were proximately caused by Jackson's crime. GameStop's wall repair was not complete until the cement in the wall had set. Guarding the store against further break-ins until the wall that Jackson had demolished was fixed was an act naturally and continuously flowing from Jackson's crime. And the PSI contained a receipt showing that GameStop hired the security guards at a cost of $1,982.35. Under these circumstances, we hold that the trial court did not abuse its discretion in ordering $1982.35 in restitution.

3

{¶8} Jackson cites several cases that disallowed restitution for costs incurred by victims for the installation of security systems or for costs incurred for other security measures taken after the victims had suffered break-ins or property loss. *See State v. Seele*, 6th Dist. Sandusky No. S-13-025, 2014-Ohio-1455; *State v. Nash*, 8th Dist. Cuyahoga No. 98658, 2013-Ohio-1346; *State v. Plants*, 8th Dist. Cuyahoga No. 101552, 2014-Ohio-5293. These cases are distinguishable in that each case involved general and permanent safety measures that the victims had undertaken to make their respective premises more secure, overall, following the crimes at issue. *Seele* at ¶ 9; *Nash* at ¶ 34-36; *Plants* at ¶ 5. Here, GameStop temporarily hired security guards to ensure the safety and integrity of the store until the cement had set. Once the wall was fixed, GameStop stopped hiring guards.

{¶9} Jackson's sole assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **MOCK, J.**, concur.

Please note:

The court has recorded its own entry this date.

4