[Cite as *State v. Thornton*, 2017-Ohio-4037.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160501 |
| | | TRIAL NO. B-1506313 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| TAJUANA THORNTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal: May 31, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

ZAYAS, Judge.

{¶1}    Defendant-appellant Tajuana Thornton appeals from the judgment of the trial court convicting her of theft under R.C. 2913.02(A)(1), a fifth-degree felony, sentencing her to serve five years of community control, and ordering her to pay a $250 fine and $5,454.01 in restitution to the victims, John and Merri Gerke.  In her sole assignment of error, Thornton asserts that the trial court abused its discretion in ordering her to pay $5,454.01 in restitution.  Because we find that the Gerkes had not suffered an economic loss, we hold that the trial court's order of restitution was contrary to law.  We modify the judgment to remove the restitution order, and affirm the judgment of the trial court as modified.

## Background

{¶2}    While living at the home of John and Merri Gerke, Thornton, without permission, used a check belonging to the Gerkes to pay her rent at another location, and used their bank account to pay several bills.  The Gerkes reported the funds stolen to Fifth Third Bank, which reimbursed the Gerkes $5,454.01, the full amount stolen by Thornton.

{¶3}    Thornton was indicted for two counts of theft, one count of forgery, and two counts of telecommunications fraud.  The Gerkes were the only victims listed in the indictment.  Thornton waived her right to a jury trial and pleaded guilty to one count of theft in violation of R.C. 2913.02(A)(1).  The trial court accepted her guilty plea.

{¶4}    At Thornton's sentencing hearing, after reviewing the victim-impact statement, the trial court recognized that Fifth Third Bank had reimbursed the Gerkes for their loss.  The trial court initially ordered that Thornton pay restitution

to Fifth Third Bank or to the Gerkes. Defense counsel remarked that R.C. 2929.18 did not permit the trial court to order Thornton to pay restitution to a third party, and that Fifth Third Bank was not a proper victim before the court. The trial court stated, "Well, then what I'll do is I'll order the Gerkes to be paid * * * $5,454.01. And I guess it's up to them whether they want to pay the bank back." The trial court explained that it may promote theft if Thornton did not have to pay back the money that she had stolen from the Gerkes. The trial court entered judgment on count one, dismissed the other counts, sentenced Thornton to five years' community control, imposed a $250 fine and court costs, and ordered $5,454.01 in restitution to be paid to the Gerkes.

{¶5} Thornton filed a motion to stay the order of restitution pending appeal. The trial court denied her motion. Thornton also filed a motion to stay the execution of her sentence with this court, which was also denied.

## Assignment of Error

{¶6} In her sole assignment of error, Thornton alleges that the trial court abused its discretion in ordering her to pay $5,454.01 in restitution. Thornton argues that the Gerkes did not suffer an economic loss, because Fifth Third Bank had, prior to her sentencing, reimbursed them for the entire amount.

## Standard of Review

{¶7} R.C. 2953.08 governs felony-sentencing appeals. The statute provides that a defendant who has pleaded guilty to a felony may appeal as a matter of right on the ground that the sentence is contrary to law. R.C. 2953.08(A)(4). A sentence is defined as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." R.C. 2929.01(EE). " 'Sanction' means any penalty imposed upon an offender who is

convicted of or pleads guilty to an offense, as punishment for the offense * * * [and] includes any sanction imposed pursuant to * * * [R.C.] 2929.18 * * *." R.C. 2929.01(DD). A sentencing court may impose restitution as a part of a felony sentence pursuant to R.C. 2929.18.

{¶8} In reviewing challenges to felony sentences pursuant to R.C. 2953.08, "we may only modify or vacate [a] sentence if we 'clearly and convincingly find' that either (1) the record does not support the mandatory sentencing findings, or (2) that the sentence is 'otherwise contrary to law.' " *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.). However, in reviewing trial court orders imposing restitution in felony cases, this court has utilized an abuse-of-discretion standard of review. *See State v. Jackson*, 1st Dist. Hamilton No. C-140573, 2015-Ohio-3742, ¶ 7.

{¶9} In March 2016, the Supreme Court of Ohio held that "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10. The Supreme Court noted

> that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Id.* at ¶ 23.

{¶10}    Since *Marcum*, there has been a split among Ohio appellate courts in reviewing the imposition of restitution in felony sentences.  The Twelfth, Sixth, and Fourth Appellate Districts have adopted the deferential standard set forth in *Marcum.  See State v. Collins*, 2015-Ohio-3710, 41 N.E.2d 899, ¶ 31, fn.1 (12th Dist.); *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 6; *State v. Farless*, 6th Dist. Lucas Nos. L-15-1060 and L-15-1061, 2016-Ohio-1571, ¶ 4; *State v. Anderson*, 4th Dist. Scioto No. 15CA3696, 2016-Ohio-7252, ¶ 33.  Some of those courts reasoned that because the term "sentence," as utilized in R.C. 2953.08, encompasses orders of restitution, the proper standard of review when analyzing the imposition of restitution as a part of a felony sentence is whether the sentence complies with R.C. 2953.08.  *See Anderson* at ¶ 31, citing *Collins* at ¶ 31.

{¶11}    However, the Eighth and Fifth Appellate Districts have continued to apply an abuse-of-discretion standard of review.  *See State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 73, fn. 4 (8th Dist.); *State v. Spencer*, 5th Dist. Delaware No. 16 CAA 04 0019, 2017-Ohio-59, ¶ 44.  In *Nitsche*, the Eighth District recognized *Marcum*'s holding that appellate courts may not apply the abuse-of-discretion standard in reviewing sentences, but reasoned that *Marcum* was limited to sentencing-term challenges, and therefore, did not apply to orders of restitution. *Nitsche* at ¶ 73, fn. 4.

{¶12}    After reviewing *Marcum,* the cases from the other Ohio appellate districts, and R.C. 2953.08, we hold that the proper standard of review when analyzing the imposition of restitution as a part of a felony sentence is whether the sentence complies with R.C. 2953.08.  In other words, the proper standard of review is whether this court clearly and convincingly finds that the sentence is contrary to law.  *See Farless* at ¶ 4, citing R.C. 2953.08(A)(4) and (G)(2)(b); *Collins* at ¶ 31.  In

light of *Marcum*, we will no longer follow our line of cases that apply an abuse-of-discretion standard of review in reviewing felony sentences that impose restitution or other financial sanctions pursuant to R.C. 2929.18.

## Economic Loss

{¶13} Because Thornton was convicted of a felony and can only appeal her sentence under R.C. 2953.08, we review her sentence to determine whether we clearly and convincingly find that the imposition of restitution under R.C. 2929.18 was contrary to law. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 10; *Collins*, 2015-Ohio-3710, 41 N.E.2d 899, at ¶ 31; *Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, at ¶ 6; *Farless*, 6th Dist. Lucas Nos. L-15-1060 and L-15-1061, 2016-Ohio-1571, at ¶ 4; *Anderson*, 4th Dist. Scioto No. 15CA3696, 2016-Ohio-7252, at ¶ 33. We may modify or vacate Thornton's sentence if we find that it is contrary to law. R.C. 2953.08(G)(2).

{¶14} A trial court may sentence an offender to any financial sanction or combination of financial sanctions, including restitution. R.C. 2929.18(A)(1).[1] The amount of restitution ordered to the victim of the offender's crime is based on the victim's economic loss. *Id.* The term " 'economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense * * *. 'Economic loss' does not include non-economic loss or any punitive or exemplary damages." R.C. 2929.01(L).

{¶15} The victim of the offense is "[a] person who is identified as the victim of a crime * * * in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal

---

[1] Pursuant to R.C. 2929.18(A)(3)(e), the trial court could have imposed a fine of up to $2,500.

prosecution * * *." R.C. 2930.01(H)(1). In 2004, the Ohio General Assembly eliminated the language in R.C. 2929.18(A)(1) permitting the trial court to order restitution to third parties for amounts paid to victims for economic losses. *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 1. R.C. 2929.18, in pertinent part, currently states that "the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction" including "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). Therefore, unless the person or entity is a named victim as described in R.C. 2930.01(H)(1), the trial court may not order a defendant to pay restitution to that third party. *Aguirre* at ¶ 1; *see, e.g., State v. Johnson*, 1st Dist. Hamilton No. C-100702, 2011-Ohio-5913, ¶ 5; *State v. Maurer*, 2016-Ohio-1380, 63 N.E.3d 534, ¶ 18-26 (8th Dist.); *State v. Harris*, 2015-Ohio-4412, 46 N.E.3d 198, ¶ 8 (6th Dist.).

{¶16}   The trial court "may base the amount of restitution it orders on an amount recommended," but the restitution "shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.18(A)(1). Moreover, "[a]ll restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim * * * against the offender." *Id.*

{¶17}   There is no question that the Gerkes were victims of Thornton's crime. Thornton challenges the trial court's finding that the Gerkes had suffered economic loss, because Fifth Third Bank had reimbursed them for the full amount prior to her sentencing.

{¶18}   Ohio appellate courts have addressed the issue of whether a victim has suffered an economic loss after being reimbursed by a third party. *See State v.*

*Martin*, 140 Ohio App.3d 326, 326-327, 747 N.E.2d 318 (4th Dist.2000) (holding that the victim "did not suffer any 'economic detriment,' since he was fairly compensated for his losses by his insurance carrier"); *see also State v. Crum,* 5th Dist. Delaware No. 12 CAA 08 0056, 2013-Ohio-903, ¶ 12 (holding that "[i]f a victim is reimbursed by a third-party, the victim has not suffered an economic loss"); *State v. Nickens*, 8th Dist. Cuyahoga No. 104670, 2017-Ohio-1448, ¶ 8 (holding that "[i]f the victim has insurance that reimbursed her for part or all of the loss that occurred as a result of the offender's criminal conduct, the victim has not suffered an economic loss for the purposes of imposing restitution"); *State v. Bowman*, 181 Ohio App.3d 407, 2009-Ohio-1281, 909 N.E.2d 170, ¶ 12 (2d Dist.) (holding that "the evidence introduced to demonstrate the actual economic loss suffered by the victim must take account of any offsets to the victim's economic loss and any mitigation of damages in the form of compensation received for the loss"); *State v. Hebb*, 5th Dist. Ashland No. 2010-COA-038, 2011-Ohio-4566, ¶ 90-92 (holding that "the trial court is to determine the actual economic loss suffered by the victim and to [take] into account any offsets to the victim's economic loss and any mitigation of damages in the form of compensation received for the loss from, for example, insurance, civil judgments against the defendant or civil judgments against any party responsible for any part of the loss").

{¶19}    In analyzing economic loss in regards to restitution, the Second, Fifth, and Eighth Appellate Districts have adopted the reasoning that

> because R.C. 2929.18(A)(1) states that the trial court's order of restitution shall not exceed the amount of economic loss suffered by the victim, and double recovery would amount to an impermissible economic windfall for the victim, the evidence introduced to

demonstrate the actual economic loss suffered by the victim must take account of any offsets to the victim's economic loss and any mitigation of damages in the form of compensation received for the loss from, for example, insurance, the Ohio Title Defect Rescission Fund, or civil judgments against the defendant.

*See Bowman* at ¶ 12, citing *Martin*, and *State v. Christy*, 3d Dist. Wyandot No. 16-06-01, 2006-Ohio-4319; *State v. Clayton*, 2d Dist. Montgomery No. 22937, 2009-Ohio-7040, ¶ 56; *Hebb* at ¶ 90; *State v. Dunham*, 5th Dist. Richland No. 13CA26, 2014-Ohio-1042, ¶ 82; *State v. Waiters*, 191 Ohio App.3d 720, 2010-Ohio-5764, 947 N.E.2d 710, ¶ 18 (8th Dist.).

{¶20} After reviewing the record, we find that the trial court erred in ordering restitution to the Gerkes. Prior to Thornton's sentencing hearing, Fifth Third Bank had reimbursed the Gerkes, who were the only identified victims, for the full amount stolen by Thornton. This fact was documented in the victim impact statement. Ordering restitution to the Gerkes would result in an impermissible windfall and would frustrate the purposes of restitution. *See Bowman* at ¶ 12. Although we understand that the trial court imposed the restitution because it did not want to promote theft, the judiciary has the duty to interpret the words provided by the General Assembly, and to refrain from deleting or inserting words to achieve a particular result. *State v. Gonzales*, ____ Ohio St.3d ____, 2017-Ohio-777, ____ N.E.3d ____, ¶ 13, citing *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50, 524 N.E.2d 441 (1988), paragraph three of the syllabus. Because the Gerkes had been reimbursed, and therefore, had not suffered an economic loss, we clearly and convincingly find that the trial court's order of restitution was contrary to law. We sustain Thornton's sole assignment of error.

## Conclusion

{¶21} Because the Gerkes had not suffered an economic loss pursuant to R.C. 2929.18, the trial court's order of restitution was contrary to law. Therefore, we reverse that part of the trial court's judgment and modify the judgment to remove the restitution order. The judgment of the trial court is affirmed as modified.

*Judgment affirmed as modified.*

MOCK, P.J., concurs separately.
Myers, J., concurs separately.

MOCK, P.J., **concurring separately.**

{¶22} While I disagree that the Gerkes did not suffer an economic loss as a result of Thornton's criminal acts, I must accept the result that the award of restitution in this case was contrary to law.

{¶23} I do not believe that Thornton should reap the benefit of her illegal activity and avoid having to pay restitution in this case, but the Ohio General Assembly eliminated the language in R.C. 2929.18(A)(1) which permitted the trial court to order restitution to third parties for amounts paid to victims for economic losses. *See State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.2d 1178, ¶ 1. If the bank had been listed as a "victim" in the indictment or restitution had been made a part of the plea agreement, we would not being having this discussion. But that is not the case.

{¶24} I write separately because some of the cases cited by the majority to support the proposition that reimbursement precludes a restitution order involved reimbursement from an insurance company. I disagree with those cases and believe our recent case involving restitution and insurance coverage remains good law in this

district. *See State v. Berlinger*, 194 Ohio App.3d 145, 2011-Ohio-2223, 954 N.E.2d 1290 (1st Dist.).

{¶25} In *Berlinger,* this court upheld an award of restitution to a victim who had been reimbursed by an insurance company. The court held that the victim had suffered an economic loss because premiums had been paid to secure the coverage in an amount that would cover the theft. *Id.* at ¶ 7. *Berlinger* is therefore distinguishable from this case because our record contains nothing to indicate the Gerkes suffered another form of economic loss other than the $5,454.01 vanishing from their bank account. If the record had shown that the Gerkes had a subrogation agreement with Fifth Third or had suffered another form of collateral economic damage from Thornton's criminal wrongdoing, my decision in this case would be different.

**Myers, J.**, concurring separately.

{¶26} I too, concur. There is no question that at the time of the theft, the Gerkes were victims and suffered an "economic loss" as defined by R.C. 2929.01(L). However, by the time of the sentencing, they had been fully reimbursed by their bank. Under R.C. 2929.18 and Ohio case law, the bank, as a third party, cannot be awarded restitution. And because the Gerkes ultimately suffered no economic loss, they cannot be awarded restitution either.

{¶27} While this leaves Thornton with no criminal restitution obligation, the result is required by the clear language of the statutes. The bank retains any rights it has to pursue Thornton civilly.


Please note:

This court has recorded its own entry this date.