[Cite as *State v. Wilcox*, 2021-Ohio-2282.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190495 |
| | | TRIAL NO. B-1902165 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| QUANTEZ WILCOX, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Sentence Vacated in Part

Date of Judgment Entry on Appeal: July 2, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *H. Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}  Defendant-appellant Quantez Wilcox pled guilty to receiving stolen property and possession of fentanyl.  The receiving-stolen-property charge related to the theft of credit card information from Ruth Strayhorn.  Documents containing Strayhorn's JC Penny credit card number were stolen from her home.  On January 19, 2019, Wilcox used a card with Strayhorn's card information to purchase $1,956.88 worth of merchandise from JC Penny.  The credit card company, Synchrony Bank, c/o JC Penny, ("Synchrony Bank") reported the amount of loss at $2,682.74 in its victim-impact statement.

{¶2}  As part of his sentence, Wilcox was ordered to pay court-appointed-counsel fees and $2,682.74 in restitution to Strayhorn. He has appealed, arguing in two assignments of error that the restitution order was contrary to law and the court erred in imposing court-appointed-counsel fees.  We sustain both assignments of error and vacate the portions of Wilcox's sentence relating to restitution and court-appointed-counsel fees.

### *Restitution*

{¶3}  In his first assignment of error, Wilcox argues that the trial court's restitution order was contrary to law because the recipient of the restitution, Strayhorn, suffered no economic loss as a result of his crime.

{¶4}  Generally, the proper standard of review when analyzing the imposition of restitution as a part of a felony sentence is whether this court clearly and convincingly finds that the restitution order is contrary to law. *State v. Thornton*, 2017-Ohio-4037, 91 N.E.3d 359, ¶ 12 (1st Dist.).  When the issue is who

constitutes a "victim" under R.C. 2929.18(A)(1) or to whom restitution may be properly awarded under the statute, we review de novo. *State v. Burgett*, 2019-Ohio-5348, 139 N.E.3d 940, ¶ 17 (1st Dist.).

> If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, *provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim* as a direct and proximate result of the commission of the offense.

(Emphasis added.) R.C. 2929.18(A)(1); *see State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 20. "Economic loss" is "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense * * *." R.C. 2929.01(L).

{¶5} According to Strayhorn's victim-impact statement, Synchrony Bank did not make her pay for the charges incurred by Wilcox. She did not suffer any economic loss. Permitting her to be paid restitution clearly would result in an "economic windfall." *See State v. Bowman*, 181 Ohio App.3d 407, 2009-Ohio-1281, 909 N.E.2d 170, ¶ 12 (2d Dist.).

{¶6} The state agrees that Strayhorn should not have been awarded restitution. It urges us to modify the restitution order and substitute Synchrony Bank as the victim entitled to restitution, or to remand for the trial court to do so.

{¶7} The problem is the state did not file a notice of cross-appeal. App.R. 3 specifies when a notice of cross-appeal is required. "A person who intends to defend

an order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the order is not required to file a notice of cross-appeal or to raise a cross-assignment of error." App.R. 3(C)(2). Where an appellee "seeks to change the order," a notice of cross-appeal must be filed. App.R. 3(C)(1).

{¶8} By requesting that we substitute Synchrony Bank for Strayhorn as the victim entitled to restitution, the state is asking us to change the restitution portion of Wilcox's sentence. Without a cross-appeal, we have no authority to do so. *See State v. Cover*, 8th Dist. Cuyahoga No. 109959, 2021-Ohio-1303, ¶ 7 (holding that it was without jurisdiction to review the trial court's erroneous imposition of concurrent, instead of consecutive, sentences because the state failed to cross-appeal); *State v. Bronkar*, 5th Dist. Muskingum Nos. CT2001-0003, 2000-0033, and 2001-0001, 2001 WL 1230876, *2 (Oct. 4, 2001) (holding that it could not consider the state's argument that the trial court should have ordered a greater amount of restitution where the state did not file a cross-appeal).

{¶9} Because Strayhorn did not suffer any economic loss, the restitution order is contrary to law. The state's failure to cross-appeal precludes us from modifying the order or remanding for the trial court to do so. The first assignment of error is sustained and the restitution portion of Wilcox's sentence is vacated.

### *Court-Appointed-Counsel Fees*

{¶10} In his second assignment of error, Wilcox argues that the trial court erred in imposing court-appointed-counsel fees. The state concedes the error because it believes that the trial court meant to impose the public-defender-application fee, not court-appointed-counsel fees. More importantly, the Ohio

4

Supreme Court's recent decision in *State v. Taylor*, Slip Opinion No. 2020-Ohio-6786, requires us to vacate the court's order.

{¶11} In *Taylor,* the court addressed whether a trial court, pursuant to R.C. 2941.51(D), could order a criminal defendant to pay court-appointed-counsel fees as part of the criminal sentence. *Id.* at ¶ 2. The court held that an order for payment of court-appointed-counsel fees could not be included as part of the defendant's criminal sentence. *Id.* Rather, the fees must be ordered as a civil judgment. *Id.*

{¶12} The court-appointed-counsel fees were ordered as part of Wilcox's criminal sentence. Therefore, we sustain the second assignment of error and vacate the portion of Wilcox's sentence ordering that he pay court-appointed-counsel fees.

### *Conclusion*

{¶13} The first and second assignments of error are sustained. The portions of Wilcox's sentence ordering him to pay restitution and court-appointed-counsel fees are vacated.

Judgment accordingly.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.