[Cite as *In re R.S.*, 2023-Ohio-45.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN RE: | : | CASE NO. CA2022-01-008 |
| R.S. | : | O P I N I O N<br>1/9/2023 |
| | : | |
| | : | |
| | : | |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JV2021-0692

Timothy B. Hackett, Assistant Public Defender, for appellant.

Michael T. Gmoser, Butler County Prosecuting Attorney, and Ashley Kimmel, Assistant Prosecuting Attorney, for appellee.

**M. POWELL, P.J.**

{¶ 1} Appellant, R.S., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, ordering him to pay $50,167.49 in restitution.

{¶ 2} On September 24, 2021, 14-year-old appellant broke into his grandfather's home and stole a loaded handgun. Later that day, appellant used the handgun to rob a man (the "victim") of his cellphone. Appellant shot the victim in the face during the robbery.

{¶ 3} Appellant was charged in the juvenile court with burglary, aggravated robbery, and felonious assault with a firearm specification. On November 22, 2021, pursuant to plea negotiations, appellant admitted to a reduced charge of theft, a reduced charge of attempted burglary, and felonious assault with the accompanying firearm specification, and the juvenile court adjudicated him a delinquent child.

{¶ 4} The juvenile court held a dispositional hearing on December 8, 2021. During the hearing, the state advised the court that it had provided defense counsel with documentation regarding the victim's medical bills related to the treatment of his gunshot wound. The medical bills totaled $50,167.49. Defense counsel acknowledged he had received the medical bills, stated he had reviewed them, and agreed that the amount was $50,167.49, noting that the amount "was well-documented." Three supplemental responses filed by the state during the proceedings below indicate it provided defense counsel with the victim's "medical expense documentation," totaling 22 pages. The victim's medical bills, however, were never submitted to the juvenile court. During the hearing, the victim informed the juvenile court that "because of this, I wasn't able to work for two months and now I have all these bills that I have to pay because the hospital bills and everything, all of it was a result of this incident."

{¶ 5} On December 8, 2021, the juvenile court committed appellant to the custody of the Ohio Department of Youth Services for an aggregate term consisting of a minimum of four and one-half years and a maximum period not to exceed appellant's 21st birthday. The juvenile court further ordered appellant to pay $50,167.49 in restitution.

{¶ 6} Appellant now appeals, raising two assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE BUTLER COUNTY JUVENILE COURT ERRED WHEN IT ORDERED THEN 14-YEAR-OLD R.S. TO PAY OVER $50,000.00 IN RESTITUTION, EVEN THOUGH

THERE WAS INSUFFICIENT COMPETENT, CREDIBLE EVIDENCE OF THE VICTIM'S ACTUAL ECONOMIC LOSS. (Citations omitted.)

{¶ 9} Appellant argues the juvenile court committed plain error when it imposed the $50,167.49 restitution order without reviewing any documentation and without determining the extent to which the victim's medical expenses were covered by insurance.

{¶ 10} As implicitly acknowledged by appellant, he did not object to the restitution order or the amount of restitution at disposition. He has therefore waived all but plain error. *In re A.S.*, 8th Dist. Cuyahoga No. 107202, 2019-Ohio-1362, ¶ 9. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." On appeal, the accused bears the burden of proving plain error in the record. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22. In addition to establishing an obvious defect, the accused must show that the error prejudiced him, that is, that there was a reasonable probability that but for the error, the results of the proceeding would have been different. *In re T.C.*, 8th Dist. Cuyahoga No. 102632, 2015-Ohio-4384, ¶ 10. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *Id.*

{¶ 11} Pursuant to R.C. 2152.20(A)(3), if a child is adjudicated delinquent, the juvenile court may "require the child to make restitution to the victim of the child's delinquent act * * * in an amount based upon the victim's economic loss caused by or related to the delinquent act." R.C. 2152.02(K) defines "economic loss" in pertinent part as "any economic detriment suffered by a victim of a delinquent act as a direct and proximate result of the delinquent act and includes medical cost[.]"

{¶ 12} When imposing restitution, the juvenile court may base its restitution order on "an amount recommended by the victim, the delinquent child, * * * and any other information, provided that the amount the court orders as restitution shall not exceed the

amount of the economic loss suffered by the victim as a direct and proximate result of the delinquent act[.]" R.C. 2152.20(A)(3); *In re A.M.P.*, 12th Dist. Butler No. CA2016-01-020, 2016-Ohio-3546, ¶ 33. The amount of restitution must bear a reasonable relationship to the loss suffered. *In re T.C.*, 2015-Ohio-4384 at ¶ 8. The record must contain sufficient evidence for the juvenile court to ascertain the amount of restitution to a reasonable degree of certainty. *Id.* "In determining the amount of restitution, the definition of economic loss must be strictly construed against the State and in favor of the accused." *Id.* at ¶ 7, quoting *State v. Love*, 3d Dist. Marion No. 9-13-09, 2014-Ohio-437, ¶ 58; R.C. 2901.04(A).

{¶ 13} R.C. 2152.20(A)(3) does not require a restitution hearing in every case. Rather, the statute specifically states that the juvenile court shall hold a hearing on the restitution only if the victim or the delinquent child disputes the restitution amount.

{¶ 14} We find the record contains sufficient evidence indicating that the victim suffered $50,167.49 in economic loss and that the restitution amount ordered by the juvenile court bore a reasonable relationship to the loss suffered. The evidence required to support restitution is not limited to sworn testimony or authenticated documents. *State v. Spanks*, 10th Dist. Franklin No. 17AP-642, 2019-Ohio-678, ¶ 10. As stated above, the restitution order may be based on an amount recommended by the victim or the delinquent child and "any other information."

{¶ 15} At disposition, the state cited to the victim's medical bills indicating a $50,167.49 economic loss. Appellant did not object to the medical bills as being incorrect or seek other documentation or evidence to verify the amount. Defense counsel advised the juvenile court he had reviewed the victim's medical bills and expressly agreed the amount was $50,167.49, stating it "was well-documented." We construe defense counsel's confirmation that restitution was $50,167.49 based upon his review of the victim's medical bills as a recommendation by appellant. *See State v. Speights*, 8th Dist. Cuyahoga No.

- 4 -

109733, 2021-Ohio-1194. We further note that the victim's statement at disposition suggests that the medical bills have not been paid. In light of the foregoing, we find no error, plain or otherwise, in the juvenile court's order of restitution. *State v. Hubbard*, 12th Dist. Butler No. CA2014-03-063, 2015-Ohio-646, ¶ 66; *Spanks* at ¶ 10.

{¶ 16} Appellant also argues the juvenile court committed plain error when it failed to determine whether the victim had insurance that might cover all or part of his medical expenses. Appellant cites *In re T.C.*, 2015-Ohio-4384, in support of his argument.

{¶ 17} In *In re T.C.*, the Eighth District Court of Appeals found plain error and reversed a restitution order in a juvenile delinquency case in part because the question of whether the victim's expenses were covered by insurance remained unresolved at the time the juvenile court awarded restitution. In that case, when told by the prosecutor that restitution for the victim's damaged car was $2,700, the juvenile court responded, "What? There was no insurance?" The prosecutor replied she would check with the victim; however, the question was left unresolved. In reversing the restitution order, the Eighth District stated, "The resolution of this question was necessary because restitution amounts should reflect only the victim's out-of-pocket economic losses and should not include amounts covered by insurance carriers." *In re T.C.* at ¶ 18.

{¶ 18} Here, unlike in *In re T.C.*, there is no indication in the record suggesting the victim's losses were or might be insured. A similar situation was addressed by the Eighth District Court of Appeals in *State v. Nickens*, 8th Dist. Cuyahoga No. 104670, 2017-Ohio-1448. In that case, the defendant was convicted of stealing from her corporate employer and ordered to pay restitution. The defendant challenged the restitution order, arguing the trial court erred in failing to inquire whether the corporate employer's losses were covered by insurance. The Eighth District found no plain error and upheld the restitution order.

{¶ 19} The court first noted that "[i]f the victim has insurance that reimbursed her for part or all of the loss that occurred as a result of the offender's criminal conduct, the victim has not suffered an economic loss for the purposes of imposing restitution." *Id.* at ¶ 8. However,

> Where restitution is imposed but the record does not demonstrate that the victim's economic losses were partly or wholly covered by insurance, we must affirm. If a particular victim omits any reference to potential insurance proceeds, that omission or the trial court's failure to inquire into the existence of insurance is not presumptively prejudicial error. Nickens's argument rests on the faulty presumption that all victims, even large organizations, have insurance and have received proceeds for at least part of what was lost. In this case, the record demonstrates that the trial court considered all that was required under R.C. 2929.18, the amount of restitution is based on competent, credible evidence, and nothing in the record affirmatively demonstrates that restitution was imposed for any amount already recovered through insurance proceeds.

(Citations omitted.) *Id.* at ¶ 9. *See also In re A.S.*, 2019-Ohio-1362 at ¶ 22, fn. 2 (finding that trial court's failure to consider the possibility of insurance coverage before ordering restitution was not plain error where there was nothing in the record suggesting that the victim had insurance that might cover all or part of the cost of repairs); *Speights*, 2021-Ohio-1194 at ¶ 19 (finding that trial court's failure to consider potential insurance proceeds before ordering restitution was not plain error where there was nothing in the record indicating that any of the victims had insurance coverage that might cover all or part of the losses at issue).

{¶ 20} In support of his argument, appellant also cites *State v. Thornton*, 1st Dist. Hamilton No. C-160501, 2017-Ohio-4037; *State v. Bowman*, 181 Ohio App.3d 407, 2009-Ohio-1281 (2d Dist.); *State v. Martin*, 140 Ohio App.3d 326 (4th Dist.2000); *State v. Christy*, 3d Dist. Wyandot No. 16-06-01, 2006-0hio-4319; *State v. Clayton*, 2d Dist. Montgomery No. 22937, 2009-Ohio-7040; *State v. Hebb*, 5th Dist. Ashland No. 5 2010-COA-038, 2011-Ohio-4566; *State v. Dunham*, 5th Dist. Richland No. 13CA26, 2014-Ohio-1042; and *State v.*

*Waiters*, 191 Ohio App.3d 720, 2010-Ohio-5764 (8th Dist.), for the proposition that a trial court errs in ordering restitution without considering whether the victim's loss was compensated from collateral sources.

{¶ 21} By way of illustration, *Thornton* involved a case where a bank reimbursed the victims for the full amount they had reported stolen from their bank account. The trial court ordered the defendant to pay restitution to the victims. The First District Court of Appeals reversed the restitution order as contrary to law, explaining that

> because R.C. 2929.18(A)(1) states that the trial court's order of restitution shall not exceed the amount of economic loss suffered by the victim, and double recovery would amount to an impermissible economic windfall for the victim, the evidence introduced to demonstrate the actual economic loss suffered by the victim must take account of any offsets to the victim's economic loss and any mitigation of damages in the form of compensation received for the loss from, for example, insurance, the Ohio Title Defect Rescission Fund, or civil judgments against the defendant.

*Thornton*, 2017-Ohio-4037 at ¶ 19. The First District held that any order of restitution to the victims would result in a double recovery and an impermissible windfall since they had been reimbursed by the bank for the amount the defendant had stolen, and therefore, had not suffered an economic loss. *Id.* at ¶ 19-20.

{¶ 22} Unlike the case at bar, all of the foregoing cases, with the exception of *Clayton*, involved information or evidence that the victims had been compensated to some extent for their losses by collateral sources, be it an insurance carrier, a bank, a civil judgment against the defendant, the Ohio Title Rescission Fund, or the Victims of Crime Fund. *Clayton* did not involve compensation from a collateral source.

{¶ 23} As stated above, there is no indication or evidence in the record that the victim had insurance that might cover all or part of his losses. There is no evidence that the juvenile court ordered restitution in excess of the amount of economic loss suffered by the

victim; appellant has not shown that the amount the court ordered him to pay exceeded the victim's economic loss. The record demonstrates that the juvenile court considered all that was required under R.C. 2152.20(A)(3), the amount of restitution ordered was based upon competent, credible evidence—defense counsel's statement that the restitution amount was well documented, and nothing in the record affirmatively shows that restitution was ordered for any amount recovered through insurance proceeds. The juvenile court, therefore, did not commit plain error when it imposed the $50,167.49 restitution order.

{¶ 24} Appellant's first assignment of error is overruled.

{¶ 25} Assignment of Error No. 2:

{¶ 26} THEN 14-YEAR-OLD R.S. WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO CONTEST A $50,167.49 AWARD OF RESTITUTION, EVEN THOUGH THERE WAS INSUFFICIENT COMPETENT, CREDIBLE EVIDENCE OF THE VICTIM'S ACTUAL ECONOMIC LOSS. (Citations omitted.)

{¶ 27} Appellant argues that his trial counsel was ineffective because he failed to object to the $50,167.49 restitution order without confirming whether any of the victim's medical expenses were covered by insurance.

{¶ 28} To establish ineffective assistance, appellant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62. The failure to make an adequate showing on either prong is fatal to appellant's ineffective assistance of counsel claim. *In re T.D.*, 12th Dist. Brown No. CA2021-07-009, 2022-Ohio-562, ¶ 19.

{¶ 29} Ineffective assistance of counsel cannot be inferred from a silent record. *In*

*re S.C.*, 8th Dist. Cuyahoga No. 100396, 2014-Ohio-3905, ¶ 31. "When a defendant makes allegations of the ineffectiveness of his trial counsel based on facts that do not appear in the record, those allegations should be reviewed through postconviction relief, not on direct appeal." *Id.*, citing *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983).

{¶ 30} There is no evidence in the record regarding what inquiries defense counsel made concerning the victim's medical expenses. There is no evidence in the record regarding what discussions defense counsel had with appellant concerning the victim's medical expenses. Because a determination of appellant's claim of ineffective assistance of counsel involves facts outside the record, appellant's argument must fail based on the authority of *Cooperrider*. *State v. Leeper*, 5th Dist. Delaware No. 2004CAA07054, 2005-Ohio-1957, ¶ 57. Appellant has failed to demonstrate that trial counsel's performance was deficient or that such deficiency resulted in prejudice to him. *In re S.C.* at ¶ 33.

{¶ 31} Appellant's second assignment of error is overruled.

{¶ 32} Judgment affirmed.

BYRNE, J., concurs.

PIPER, J., dissents.

**PIPER, J., dissenting.**

{¶ 33} Even if defense counsel acquiesced to the amount of the invoices, restitution "shall not" be an amount more than the loss the victim actually suffered. R.C. 2152.20(A)(3); *State v. Yerkey*, Slip Opinion No. 2022-Ohio-4298, ¶ 13. In other words, ordering an amount of restitution more than that actually suffered by the victim is contrary to law. In this matter, the record does not establish the restitution ordered was the amount of economic loss the victim actually suffered nor was it based upon evidence in the record.

{¶ 34} R.C. 2152.20(A)(3) mandates that a juvenile court's authority to order

restitution is statutorily restricted. Such an order "shall not exceed the amount of the economic loss suffered by the victim * * *." *Id.* "Economic loss" is that economic detriment suffered by a victim. R.C. 2152.02(K). Further, R.C. 2152.20(A)(3) also expressly states "the court shall determine * * * the amount of restitution to be paid" which places an affirmative duty upon the court to determine the victim's actual loss and that it is the direct and proximate result of the juvenile offender's criminal offense. The standard of proof is reasonable certainty.[1]

{¶ 35} Respectfully, the suggestion of an attorney as to what invoices (not entered into the record) possibly add up to, fails the requirement of reasonable certainty.

### Substantive and Procedural Due Process

{¶ 36} Substantive due process involves examining whether there is a sufficient purpose in depriving a person of property, while procedural due process involves an examination of whether proper procedures were involved. In context here, a juvenile court has no authority to order restitution in an amount more than the economic loss suffered by a victim (substantive), and a determination of economic loss can only be premised upon procedures producing competent, credible evidence (procedural).

{¶ 37} When imposing restitution, due process requires the amount ordered must bear a reasonable relationship to the victim's actual loss. *State v. Oliver*, 12th Dist. Clermont No. CA2020-07-041, 2021-Ohio-2543, ¶ 7. Therefore, the amount of restitution to be ordered is restricted to the actual loss and must be established to a reasonable degree of certainty. *Id.*

{¶ 38} In our present matter, the juvenile offender committed an outrageous and

---

1. The criminal justice statutory scheme that limits a crime victim to only restitution in the amount of loss the victim actually suffered is not overly stringent when recalling that restitution through the criminal justice system is not the only recourse for crime victims, as there are numerous avenues in the law to recovery. *Yerkey* at ¶ 18.

reprehensible crime of violence; however, the law nevertheless requires a minimal amount of due process. Juvenile offenders are not entitled to less than those in adult court. Therefore, adherence to minimum requirements of due process necessitate more than cursory proceedings. A restitution hearing must result in an amount of restitution based upon competent, credible evidence of the actual expenses the victim loss. R.C. 2152.20(A)(3); *State v. Stamper*, 12th Dist. Butler No. CA2009-04-115, 2010-Ohio-1939, ¶ 17.

{¶ 39} Precedent clearly establishes that "[d]ue process requires that the amount of restitution bear a reasonable relationship to the *actual loss* suffered by the victim*." Id.* (Emphasis added); *State v. Lalain*, 136 Ohio St.3d 248, 254-255 (2013) (restitution is limited to the amount of the economic loss incurred by the victim and cannot be greater than the economic loss); *Yerkey*, 2022-Ohio-4298 at ¶ 13 ("this court and other courts in Ohio have continued to determine the amount of restitution based on the economic loss suffered by the victim").[2] To make the required determinations necessary for ordering restitution, the juvenile court must apply the law to the particular facts. Regarding the facts, evidence is required unless stipulations are entered into and accepted by the court eliminating the need for evidentiary proof.

### Need For Evidence in The Record

{¶ 40} Juvenile proceedings determining restitution must ensure due process by requiring evidence to support the award of restitution*. In re J.G.*, 3rd Dist. Logan No. 8-20-59, 2021-Ohio-1624, ¶ 45. Plain error arises when an award of restitution is not supported

---

2. Reference to cases addressing R.C. 2929.18(A)(1) are highly instructive as that restitution statute, for all relevant purposes, is identical to R.C. 2152.20(A)(3), the juvenile statute involved herein. Additionally worth noting, the Ohio Supreme Court has recently articulated that for restitution purposes there is a meaningful difference between one who has actually suffered an economic loss and one who might ultimately suffer an economic loss in the future. *State v. Allen,* 159 Ohio St.3d 75, 78 (2019). The purpose of restitution, not to be frustrated, is "reimbursement," a word referenced in R.C.2152.20(A)(3).

by competent, credible evidence. *Id.* ¶ 54.

{¶ 41} This court has previously acknowledged a hearing may not be required if there is enough *evidence in the record* to substantiate the amount of loss the victim incurred. *State v. Borders* 12th Dist. Clermont No. CA2004-12-101, 2005-Ohio-4339, ¶ 36. In *Borders* we reversed the trial court because there was no evidence in the record to support the award of restitution based only upon the victim's statement. *Id.* at ¶ 38. We noted the court had failed to follow "the procedures necessary to determine that the restitution order bore a reasonable relationship to the victims' loss." *Id.* at ¶ 37. *Borders* is applicable here.

{¶ 42} There was no stipulation, agreed upon and accepted by the court, as to the amount, as to what was actually paid or an actual loss of the victim. Therefore, the juvenile court's need for evidence was not relinquished. Plain error is committed when imposing restitution based only upon a statement of loss given by an attorney. *State v. Alexander*, 4th Dist. Scioto No. 10CA3402, 2012-Ohio-2041, ¶ 8-14.

{¶ 43} Here defense counsel merely acknowledged that the invoices the state provided in discovery totaled $50,167.49. The majority would "construe" defense counsel's statement as a "recommendation" even though there is no evidence substantiating such a recommendation. ¶ 15 above. There are no invoices introduced into the record totaling $50,167.49. Significantly, unsupported statements are not evidence. *Alexander* at ¶ 13-14. Despite the majority opinion characterizing the attorney's statement as "evidence," ¶ 23 above, defense counsel's unsupported statement simply is not evidence.

{¶ 44} Significantly, as officers of the court, neither defense counsel nor the state could represent to the court the figure of $50,167.49 was an economic loss actually suffered by the victim. While defense counsel looked at what was represented as invoices from medical providers, the invoices referenced were never tendered to the court for examination or consideration. There is no indication the court ever reviewed what was paid or

determined what was written off or what was due.

{¶ 45} Therefore, with no agreed upon stipulation as to the amount of economic loss waiving the need for evidence in the record, evidence remained a necessary requirement. It was incumbent upon the court to determine from evidence as to whether the victim actually incurred that loss; whether the loss incurred was a direct or proximate result of the offense; and whether it was established to a reasonable degree of certainty.[3]

**Plain Error**

{¶ 46} We have previously explained it is error for the court not to determine with reasonable certainty the amount of actual loss incurred. *Borders*, 2005-Ohio-4339 at ¶ 36-39. There must be some competent, credible demonstration within the record as to the actual loss suffered by a victim, which is ultimately awarded as reimbursement for that loss. *Stamper*, 2010-Ohio-1939 at ¶ 19. Merely submitting the issue of restitution to the court without an objection to the procedure as to how the amount will be determined, rises to the level of plain error. *State v. White*, 4th Dist. Adams No. 18CA1080, 2019-Ohio-4288, ¶ 21-25 (submitting the issue for the court's determination was not construed as a recommendation or a stipulation).

{¶ 47} It is well established that a restitution order not founded upon competent, credible evidence, whether testimony or exhibits, is clearly and convincingly contrary to law and subject to plain error. *Id.* at ¶ 22, citing *State v. Patton*, 4th Dist. Highland No. 18CA9, 2019-Ohio-2769, ¶ 23, and *State v. Coleman*, 4th Dist. Highland No. 16CA18, 2018-Ohio-1709, ¶ 12-14 (applying plain error to challenge restitution order).

{¶ 48} The victim's statements to the court reflect he had not paid the invoices and

---

3. An accepted stipulation of fact renders proof of that fact unnecessary. *State v. Harmon*,12th Dist. Warren No.CA2019-01-007, 2019-Ohio-5036, ¶ 11. "Although litigants may stipulate to facts, they may not stipulate as to what the law requires." *Wilson v. Harvey*, 8th Dist. Cuyahoga No. 85829, 2005-Ohio-5722, ¶ 15. Stipulations involving legal conclusions do not relieve a trial court of its duty to exercise its own analysis applying the law to the facts. *Id.*

therefore had not suffered an actual loss when restitution was ordered. In fact, the victim indicated he came here to work and would soon be returning to his own country. This suggests he may be out of work upon arriving home. For all this court knows the invoices may still be unpaid. Curiously there is no contact information for the victim in the record. There is also no inquiry, or representation, as to whether his employment at the time of the incident provided insurance coverage. If the invoices have gone unpaid, the medical providers would be the persons or entities suffering a loss, not the victim.[4]

**{¶ 49}** In this case there is no way to review whether the defense attorney's calculation of the bills, totaling $50,167.49, is correct. No one knows the accuracy, with any degree of certainty, of the amount actually owed to the victim. Additionally, the record does not demonstrate who actually has a loss regarding the numerous invoices. The juvenile court's order simply cannot be substantiated.

**{¶ 50}** Reversal is required where evidence used at trial was not entered into the record preventing effective judicial review. *Moore v. Moore,* 8th Dist. Cuyahoga No.109999, 2021-Ohio-4010, ¶ 8. For purposes of meaningful review, documents referenced in trial court proceedings must be made a part of the record. *Dunlap v. Dunlap*, 1st Dist. Hamilton Nos. C-940033 and C-940050, 1996 WL 134543, *13 (Mar. 27, 1996), citing *In re Cross*, 1st Dist. Hamilton No. C-920113, 1993 WL 231714, *2 (Apr. 28, 1993) (holding the absence from the record of the child support calculation worksheet identified at the hearing but not admitted into evidence constituted reversible error).

### Conclusion

**{¶ 51}** Just as we reversed in *Borders,* our appellate review has been thwarted by

---

4. In June 2004 the General Assembly amended R.C. 2929.18 to delete all reference to restitution for third parties. *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, ¶ 1. Today economic loss as defined in R.C. 2152.02(K) and 2929.01(L) do not include reimbursement directly to third parties. However, R.C. 2929.18(A) and 2152.20(A)(3) acknowledge restitution to the survivor of a victim.

the absence of proceedings demonstrating evidence substantiating the court's order. Defense counsel's failure to adequately represent his client is not outside the record. For counsel to acquiesce to proceedings that award such an amount to the victim, by silently standing by, is tantamount to facilitating an economic windfall for the victim and contrary to effective representation of his client. Such impermissible windfalls frustrate the purpose of restitution and are contrary to law. *State v. Wilcox*, 1st Dist. Hamilton No. C-190495, 2021-Ohio-2282, ¶ 5, 9; *State v. Thornton*, 1st Dist. Hamilton No. C-160501, 2017-Ohio-4037, ¶ 20. Whether the court, or an attorney's acquiescence, restitution permitted to act as a windfall does not comport with due process.

{¶ 52} Therefore, with respect for my colleagues' different opinion, I find the juvenile court's order in the absence of any evidence is contrary to law which rises to the level of plain error. I also find that it was plain error for defense counsel not to object to the lack of proof demonstrating the victim's actual loss. The failure to require evidence in protecting a juvenile's interest in not being saddled with a large restitution order equates to the ineffective assistance of legal representation. I therefore would vacate and reverse the restitution order and remand for a meaningful restitution hearing where the state can establish, with evidence, the amount of loss the victim suffered.